# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................... *i*

TABLE OF AUTHORITIES............................................................................................. *ii-iii*

SUMMARY OF ARGUMENT.......................................................................................... *1-2*

ARGUMENT...................................................................................................................... *2-10*

      A.  The pleading standard requires Plaintiff to allege time worked for
   which she was owed pay............................................................................... *2-3*

      B.  In order for time to be compensable, the employee
   must have worked or have been engaged to be waiting............................ *3-4*

      C.  The fact that *FLSA/NYLL* wages must be paid on time is of no import
   to Plaintiff who was not owed any wages.................................................. *4-6*

      D.  Plaintiff did not engage in protected activity........................................... *6-7*

      E.  Filing with the Bet Din is not retaliation.................................................. *7-10*

CONCLUSION.................................................................................................................. *10*

# TABLE OF AUTHORITIES
## Cases

*Alvarado v. GC Dealer Services. Inc.*, No. 18-CV-2915 (SJF) (SIL),
2021 WL 66541 (EDNY Jan. 6, 2021)......................................................................... 8, 9

*Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944)...................................................... 4

*Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 743,
103 S. Ct. 2161, 76 L. Ed. 2D 277 (1983)................................................................... 8

*Burstin v. Spoder*, 2004 N.Y. Slip Op 30304 (Sup. Ct. 2004)........................................... 9

*Cabrera v. CBS Corp.*, 2018 WL 1225260, at *6 (S.D.N.Y. Feb. 26, 2018)......................... 7

*Catholic HS Ass'n of Archdiocese of NY v. Culvert*, 753 F.2d 1161
(2d Cir. 1985).............................................................................................................. 9

*Coley v. Vannguard Urban Improvement Assoc., Inc.*,
No. 12-CV-5565 (PKC)(RER) (E.D.N.Y. Mar. 27, 2018). …...................................... 5

*Cong. Rabbinical College v. Village of Pomona*,
280 F. Supp. 3d 426 (S.D.N.Y. 2017)......................................................................... 9

*Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013)............................... 2

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)......... 2, 6

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
723 F.3d 192 (2d Cir. 2006)........................................................................................ 2

*Our Lady of Guadalupe Sch. v. Agnes Morrissey-Berru*,
140 S. Ct. 2049, 591 U.S., 207 L. Ed. 2d 870 (July 8, 2020)...................................... 10

*Reilly v. Quickcare Medical, P.C.*, 2014 WL 2571642 (D.N.J. June 9, 2014)...................... 6, 7

*Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) …............................................. 5

*Rweyemamu v. Cote*, 520 F.3d 198 (2d Cir. 2008)........................................................... 9

*Sarit v. Westside Tomato, Inc.*, 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020).................... 3

*Shetty v. SG Blocks, INC.*, No. 20-cv-00550-ARR-SMG (E.D.N.Y. June 12, 2020)............ 5, 6

*Velazquez v. Yoh Services, LLC*, No. 19-1020-cv (2d Cir. Mar. 18, 2020)......................... 5

"wage," Merriam-Webster.com Dictionary, https://www.merriam-
webster.com/dictionary/wage. Accessed 3/16/2021.................................................... 7,

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)........................ 6

*Zokirzoda v. Acri Café Inc.*, No. 18 CV-11630 (JPO) (S.D.N.Y. Jan. 22, 2020)................. 6

## **Statutes**

*FLSA 29 USC § 206(a)*.................................................................................................... *1, 8*
*FLSA 29 USC § 206(b)*.................................................................................................... *5*
*NYLL § 190(1)* ................................................................................................................ *8*
*NYLL §191(d)* ................................................................................................................. *1, 8*

## **Rules & Regulations**

*29 C.F.R. § 541.602(a)(2)*................................................................................................ *1, 3*
*29 C.F.R. § 785.17*........................................................................................................... *3*
*29 C.F.R. § 785.6*............................................................................................................. *1, 3, 8*
*29 C.F.R. § 785.7*............................................................................................................. *1, 3, 8*
*29 C.F.R. § 785.11*........................................................................................................... *1, 3, 8*
*12 N.Y.C.R.R. § 142-2.1(b)*............................................................................................. *1, 3, 8*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LISA ROSENBAUM,<br><br>Plaintiff,<br><br>-against-<br><br>BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,<br><br>Defendants. | **CIVIL ACTION NO.**<br><br>1:20-cv-04520-WFK-RER<br><br>**HON. JUDGE WILLIAM F. KUNTZ, II**<br>*HON. RAMON E. REYES, JR., Magistrate Judge*<br><br>*Oral Argument Requested* |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO *FRCP 12 (b)(6)*

### *SERVED ON PLAINTIFF'S ATTORNEY ON MARCH 18, 2021*

Dated: New York, New York
     March 18, 2021

                                      Respectfully Submitted,

                                      MARK SCHWARTZ, ESQ.
                                      LAW OFFICES OF MARK SCHWARTZ
                                      *Attorney for Defendants*
                                      BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
                                      225 Broadway, Suite 1901
                                      New York, New York 10007
                                      Tel.: (212) 619-6275
                                      Fax: (718) 673-9010
                                      email: markschwartzesq@verizon.net

**TO:**  JEFFREY R. MAGUIRE, ESQ.
        STEVENSON MARINO LLP
        *Attorneys for Plaintiff*
        LISA ROSENBAUM
        75 Maiden Lane, Suite 402
        New York, New York 10038
        Tel.: (212) 939-7229
        Fax: (212) 531-6129
        email: jmaguire@stevensonmarino.com

## SUMMARY OF ARGUMENT

Plaintiff's Memorandum in Opposition to the Motion to Dismiss is replete with misinterpretations and misapplications of laws and cases, and her claims must fail for the reasons set forth in Defendants' Motion papers. Most significantly, Plaintiff did not engage in protected activity under the *FLSA* because according to her own pleadings, she did not complain that she performed work for which she was not paid.[1] Plaintiff did not work after March 18, 2020 and could not have been entitled to any pay under the *FLSA* or the *NYLL* which both govern "wages" for "work" (*See*, *FLSA* 29 USC § 206(a) and *NYLL* § 191(d)- the very sections upon which Plaintiff's claims are based). To get around this fatal problem, Plaintiff alleges the followings:

   A. Based on a regulation defining the meaning of "salary" and having nothing to do with "compensable time" under the *FLSA (29 C.F.R. § 541.602(a)(2))*, Plaintiff claims that she is entitled to wages for any time that she was "ready, willing and able" to work. It appears that Plaintiff did not even bother to look at the title of the section or the surrounding text of this regulation. There are rules and regulations governing compensable time or "working time" under the *FLSA* and *NYLL (29 C.F.R. §§ 785.6–785.7; 785.11; 12 N.Y.C.R.R. § 142-2.1(b))*, and scores of cases, but Plaintiff completely ignores those.

   B. Plaintiff preposterously argues that she need not plead any hours worked or wages owed to survive a motion to dismiss under the *FLSA/NYLL*.

   C. Plaintiff erroneously asserts that the fact that the *FLSA* and *NYLL* require that *FLSA/NYLL* wages be paid on time, means that payments of any form, even if they are not wages, must be paid on time under the *FLSA/NYLL*.

   D. Plaintiff argues that essentially it should not matter whether her complaint had anything to do with unpaid wages, just the very fact that she complained about anything at all

---

[1] As discussed in Defs.' Brief at 8, 16, Plaintiff worked one day but does not plead to have not been paid for that one day. This is not surprising, because she was in fact paid for that day - on time.

entitles her to the protection for the *FLSA* and *NYLL*'s anti-retaliation provisions.

      E.  After Plaintiff filed a frivolous lawsuit, Plaintiff suggests that Defendants' commencing a well-founded claim in a Bet Din[2] is retaliation, without citing any authority.

## ARGUMENT

**A. The pleading standard requires Plaintiff to allege time worked for which she was owed pay.**

Plaintiff's very first argument (Pl.'s Memo at 1) demonstrates the frivolous nature of her claim. Plaintiff argues that there is no need to show that she performed compensable work for which she was owed wages (under *FLSA/NYLL*), or that she complained about minimum wages or overtime violations (both required for *FLSA* protection). She completely ignores the standard to show that a wage was due (Discussed below- Page 3). Plaintiff, erroneously claims that all she has to do is plead that she is a non-exempt employee and Defendants are her employers. Pl.'s Memo at 1, 10. Clearly a violation of the *FLSA or NYLL* must also be alleged.[3]

The legal standard on a motion to dismiss is clearly stated in Defendants' moving papers (Defs'. Brief at 5), and it states that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.". Based on the facts of this case, there is no plausible claim, not under *NYLL* and certainly not under *FLSA*. The Second Circuit law is abundantly clear that there must be sufficient facts alleged in a wage complaint to show that Plaintiff worked compensable time. See, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Dejesus v. HF Management Services, LLC*, 726 F.3d 85 (2d Cir. 2013); and *Nakahata v. New*

---

2  A "Bet Din" is a religious Jewish tribunal also known as a Beth Din, Bais Din, Beis Din, and similar spellings

3  For example, in *Sarit v. Westside Tomato, Inc.,* 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) cited by Plaintiff, the Plaintiff alleged a minimum-wage violation and not simply that she was a non-exempt employee. *See* Pl.'s Memo at 1, 10.

*York-Presbyterian Healthcare Sys.*, 723 F. 3d 192 - Court of Appeals, 2nd Circuit 2013.

The Plaintiff brings *Sarit v. Westside Tomato, Inc.,* 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) to support her argument that she need not plead an *FLSA* violation or show she worked compensable time. However, that case is distinguishable from the instant case in two ways (and illustrates how utterly frivolous Plaintiff's case is). First, the Plaintiff in *Sarit* actually worked and her claim was one for wages. Second, the Plaintiff in *Sarit*, properly alleged that she did not receive "any wages" on time, so the Court implied that she also did not receive minimum-wage on time, an FLSA violation. In the instant case, the exact opposite is true, Plaintiff worked no compensable hours so the implication is that "no hours worked" and "no wages due" necessarily means no minimum-wage due and hence no claim under *FLSA,* (or NYLL).

**B. In order for time to be compensable, the employee must have worked or have been engaged to be waiting.**

The correct regulation relevant to the instant case, discussing the standard for compensable time, is *29 C.F.R. § 785.17*, which states: "An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached **is not working while on call**."[Emphasis added]

However, in another effort to show Plaintiff need not allege that she actually worked to sustain a *NYLL* or *FLSA* lawsuit, Plaintiff cites a regulation which is not even remotely related to the facts of this case. Instead of citing to a regulation discussing compensable time (e.g., *29 C.F.R. §§ 785.6–785.7; 785.11 or 12 N.Y.C.R.R. § 142-2.1(b)*), Plaintiff cites *29 C.F.R. § 541.602(a)(2), See*, Pl.'s Memo at 21, a regulation which is completely unrelated to non-exempt workers, which Plaintiff claims she is, and Defendants agree.

*29 C.F.R. § 541.602(a)(2)* is used to determine when an **exempt worker** (not a non-

exempt worker) is considered paid on a salary basis. Plaintiff quotes the "ready, willing and able" language from that completely unrelated regulation and incorrectly applies it to Plaintiff, a non-exempt worker, who doesn't earn compensable time when she is not working, despite being ready, willing and able to work.

Plaintiff also cites *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944), *See*, Pl.s Memo at 12, and proposes that since "...an employer, if he chooses, may hire a man to do nothing...", Plaintiff is due wages even though she didn't work. First, Plaintiff in this case was not hired "to do nothing". Second, *Armour* is a case so far removed from the facts of the instant case that citing it for this proposition is suspect, to say the least [4].

Plaintiff takes two full pages (Pl.'s Memo at 9-12) to state the unremarkable and undisputed fact that there must be an employer/employee relationship and that Plaintiff must be a non-exempt worker for protection under *FLSA*, but does not cite one statute, regulation or case even *remotely* related to the instant case to support the proposition that Plaintiff has alleged a plausible claim.

It is not plausible that Defendants can be liable for paying untimely wages, when none were owed. Nor can the Court reasonably imply that wages were in fact due based on any of the allegations in the Amended Complaint.

**C. The fact that *FLSA/NYLL* wages must be paid on time is of no import to Plaintiff who was not owed any wages**

Plaintiff wildly misconstrues cases holding that *FLSA/NYLL* wages must be paid on time to mean that if any payment, *whatever for,* is paid untimely, it violates the *FLSA/NYLL*. This is absurd and each of those cases Plaintiff cites involved plaintiffs that worked and were therefore

---

[4] In *Armour* the employees were required to be on the employer's premises, amenable to the employer's discipline and subject to call. They were also required to punch in and out and were not at liberty to leave the employer's premises without permission of a watchman.

owed wages under the *FLSA* and *NYLL*. Plaintiff cited *Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998), a case about paying an employee the <u>minimum wage</u> in a workweek that they engage in commerce, i.e., <u>work</u> (not the case here). Furthermore, all the wage cases cited by *Rogers,* 148 F.3d at 60, 61, involved claims of minimum-wage or overtime. This does not magically extend the *FLSA*'s coverage to wages other than minimum-wage and overtime (especially when no wages are due).

Plaintiff claims that a "good-faith reasonable belief that the underlying actions of the employer violated the law" is enough, but doesn't allege in her pleadings that she had such a good-faith belief or that it related to an *FLSA* violation. Plaintiff cites *Velazquez v. Yoh Servs., LLC,* 803 F. App'x 515, 517 (2d Cir. 2020)*,* a case which makes it abundantly clear that the "good-faith reasonable belief" does indeed have to relate to an *FLSA* violation (in that case overtime), and the Court dismissed the case because it didn't relate to an *FLSA* violation.

The Plaintiff then cites *29 U.S.C. § 206(b)* and *Coley v. Vannguard Urban Improvement Assoc., Inc.,* 2018 WL 1513628, at *5 (E.D.N.Y. Mar. 27, 2018) *,* which both plainly state that *FLSA* only ensures timely payment of minimum-wage and overtime and only to an employee who "is engaged in commerce". It is important to note that similar to *Rogers,* 148 F.3d 52 (cited above), *Coley* and all the cases upon which it relies are either minimum wage or overtime claims.

The fact that only minimum-wage and overtime are protected by the *FLSA* was again made crystal clear in *Shetty v. SG Blocks, INC.*, No. 20-cv-00550-ARR-SMG (E.D.N.Y. June 12, 2020), where the Court stated:

> Under the *FLSA*, a plaintiff cannot recover wages other than minimum wage or legally required overtime compensation.[...] Shetty does not identify any relevant provision of the *FLSA* he seeks to recover under, see Am. Compl. ¶ 63, nor could he, **because the *FLSA* does not apply to Shetty's claim that he was not compensated in salary and bonuses far exceeding minimum wage. Thus, Shetty's first cause**

>   **of action for unpaid wages under the *FLSA* is dismissed.** [Emphasis added]

The Court in *Shetty* pointed out the distinction between *FLSA* and *NYLL* and stated "Unlike the *FLSA*, the *NYLL* does allow for recovery of unpaid wages at "the agreed-upon rate, even if it exceeds the minimum wage." This is exactly why Plaintiff's *FLSA* claim must be dismissed even if a *NYLL* claim exists.

In *Zokirzoda v. Acri Café Inc.*, No. 18-CV-11630 (JPO) (S.D.N.Y. Jan. 22, 2020), the court further showed the fallacy of Plaintiff's assertion that it is enough to show an employer/employee relationship and that Plaintiff was non-exempt, but that a violation must also be alleged, and also that *FLSA* only applies to minimum wages and a wage claim requires that the employee actually work.

> To state an *FLSA* minimum wage or overtime claim, a plaintiff must allege that she was the defendant's employee, that her work involved interstate activity, and that **she worked** hours for which she did not receive minimum or overtime wages. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); see also *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) [Emphasis added]

To be sure, Defendants are not saying that there is no requirement that wages be paid in a timely manner. However, Plaintiff was plainly not entitled to wages because she didn't work and for sure not under the *FLSA*, which protects only minimum wage and overtime.

## D. Plaintiff did not engage in protected activity

For all of the above reasons, Plaintiff's Complaints have nothing to do with wages, and therefore she did not engage in protected activity. Plaintiff uses smoke and mirror tactics by dwelling on the undisputed point that oral complaints of *FLSA/NYLL* violations satisfy the "any complaint" standard for retaliation and are protected activity. See Pl.'s Memo at 17. Plaintiff then mis-cites *Reilly v. Quickcare Medical, P.C.*, 2014 WL 2571642 (D.N.J. June 9, 2014) for the proposition that the standard is so broad that claiming only state law violations can be protected

activity under the *FLSA*. However, Plaintiff fails to mention that in *Reilly* the state law violation alleged by Plaintiff was *related to* an actual federal law violation. ("a complaint must relate to the *FLSA*, if not by name then by reference to something regulated by the *FLSA* — minimum wage, overtime pay, equal pay between the sexes or child labor")(quotations omitted).

The Plaintiff, in her Opposition (Pl.'s Memo at 18), alleges she made "multiple complaints about non-payment". That is simply not enough as they were not related to wages that are regulated by *FLSA*. For example, she didn't allege (expressly or otherwise) that she "worked" and was paid less than a man, received less than minimum-wage, didn't get overtime or was a victim of child labor, any one of which would afford protection under the *FLSA*.

Nor does Plaintiff allege a good-faith belief that Defendants violated the *FLSA* like the Plaintiff in *Cabrera v. CBS Corp., 2018 WL 1225260, at \*6 (S.D.N.Y. Feb. 26, 2018),* cited by Plaintiff. *See*, Pl.'s Memo at 20. *Cabrera* is also inapposite because Plaintiff in the instant case did not allege that she worked time. The *FLSA* protects employees for good-faith reasonable belief of violations related to the *FLSA*. Plaintiff does not even allege any facts, express or implied, that resemble a violation of *FLSA*.

To be abundantly clear, the problem here is not that Plaintiff did not explicitly cite the *FLSA* or the correct statute, but that she did not work and thus A. could not have possibly believed she was entitled to "wages" ("a payment usually of money for labor or services..." ("wage," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/wage. Accessed 3/16/2021.) and whatever it is she was inquiring about was not remotely connected to the *FLSA* or *NYLL*.

**E. Filing with the Bet Din is not retaliation**

In a desperate attempt to salvage her claim, Plaintiff claims that Defendants retaliated

against her by threatening her with, and summoning her to, a Bet Din. Plaintiff did not state a colorable complaint for *FLSA* or *NYLL* violations because very simply, nobody could believe that the *FLSA*'s minimum wage requirements and/or *NYLL* timely-payment of wages requirements govern payments that are not for time worked. It is plainly stated in the statutes upon which Plaintiff herself relies, to wit, *FLSA 29 USC § 206(a), NYLL § 191(d),* and *NYLL § 190(1)*[5], and in the common jargon of people. It is also very clearly stated in the rules and regulations dealing with compensable time provided by Defendants. *See*, *29 C.F.R. §§ 785.6–785.7; 785.11*; *12 N.Y.C.R.R. § 142-2.1(b)*.

Nonetheless, even in the remote chance that Plaintiff's frivolous oral complaints, followed by her frivolous written Complaints, could somehow be construed as protected activity under the *FLSA* (or even *NYLL*), Defendants' conduct of telling Ms. Wercberger to encourage Plaintiff to attend a Bet Din and subsequently summoning her cannot be considered retaliation.

In the recent Second Circuit case dealing with post-employment retaliation, *Alvarado v. GC Dealer Services. Inc.*, No. 18-CV-2915 (SJF) (SIL), 2021 WL 66541 (EDNY Jan. 6, 2021), the Court cited *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S. Ct. 2161, 76 L. Ed. 2D 277 (1983) where the United States Supreme Court stated:

> The filing and prosecution of a well-founded lawsuit may not be enjoined as an unfair labor practice, even if it would not have been commenced but for the plaintiff's desire to retaliate against the defendant for exercising rights protected by the Act.

The Court was clear that a well-founded claim will not be deemed retaliation even if the intent is to retaliate. Whether or not a Bet Din is a well-founded claim is not subject to Court scrutiny as it involves probing into matters of religious belief protected by the First Amendment of

---

[5] "'Wages' means the earnings of an employee for labor or services rendered..."

the Constitution. Noteworthy, however, is the fact that Plaintiff fails to plead that the Bet Din was not a well-founded claim brought against her. The Court in *Alvarado* used strong terms and said "claims that were completely baseless" could constitute retaliation. In this case, they could not have been completely baseless, as a matter of law, since the Bet Din action was based on the identical claims Plaintiff herself brought in her Complaints. As the notice of the Bet Din plainly stated, "[T]he plaintiff [Defendants in this action] is willing and ready to discuss all claims and arguments between you at any Beit Din accepted by both parties". See, Pl.'s Memo at 7.

Were the Court to decide this issue, it would necessarily have to decide whether Jewish Law requires orthodox Jews to resolve their disputes in a religious tribunal. Defendants believe what every employee of it's yeshiva (other than possibly janitorial and security employees) surely knows; that a Jewish institution is committed to resolution of disputes in a rabbinical tribunal as part of their fulfillment of their religious obligation.

As the Second Circuit Court noted in *Cong. Rabbinical College v. Village of Pomona*, 280 F. Supp. 3d 426 (S.D.N.Y. 2017):

> According to Orthodox Jewish belief, Orthodox Jews are not permitted to resolve conflicts in the secular court system, but rather must have their conflicts adjudicated in rabbinical courts (bais din) before rabbinical judges (dayanim or dayan) applying Jewish law. (*See* Pls.' Post-Trial Proposed Findings of Fact ("Pls.' FOF") ¶¶ 31, 33, 34 (Dkt. No. 326)."

Additionally, the United States Supreme Court, in *Burstin v. Spoder*, 2004 N.Y. Slip Op 30304 (Sup. Ct. 2004) discussed the Establishment Clause of the First Amendment of the United States Constitution which prohibits Courts from adjudicating matters where they will be required to examine religious doctrine or practice.

In *Rweyemamu v. Cote*, 520 F.3d 198 (2d Cir. 2008), the court referred to the case, *Catholic HS Ass'n of Archdiocese of NY v. Culvert*, 753 F.2d 1161 (2d Cir. 1985), and stated:

We explained, however, that "the First Amendment prohibits ... [the courts] from inquiring into an asserted religious motive to determine whether it is pretextual. [...] [E]ven when we permit suits by lay employees, we will not subject to examination the genuineness of a proffered religious reason for an employment action."

In *Our Lady of Guadalupe Sch. v. Agnes Morrissey-Berru*, 140 S. Ct. 2049, 591 U.S., 207 L. Ed. 2d 870 (July 8, 2020). the United States Supreme Court recently stated:

The First Amendment protects the right of religious institutions "to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine." *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America,* 344 U.S. 94, 116, 73 S.Ct. 143, 97 L.Ed. 120.

Thus, even if Plaintiff's original complaint could somehow be protected activity (it is plainly not), the Bet Din summons was not prohibited post-employment retaliation.

### CONCLUSION

Since Plaintiff has no *FLSA* or *NYLL* claim for untimely payment of wages, because she failed to allege she was owed any wages, there can also be no retaliation claim based on that claim. Nor can the Bet Din filing form the basis of a post-employment retaliation claim and therefore all of Plaintiff's claims fail as a matter of law and must be dismissed.

WHEREFORE, Defendants respectfully request all relief requested in their Motion papers.

Dated: New York, New York
       March 18, 2021

Respectfully Submitted,
MARK SCHWARTZ, ESQ.
LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and
MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275

                              Fax: (718) 673-9010
                              email: markschwartzesq@verizon.net

**TO:**    JEFFREY R. MAGUIRE, ESQ.
          STEVENSON MARINO LLP
          *Attorneys for Plaintiff*
          LISA ROSENBAUM
          75 Maiden Lane, Suite 402
          New York, New York 10038
          Tel.: (212) 939-7229
          Fax: (212) 531-6129
          email: jmaguire@stevensonmarino.com

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of this   **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS *PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12 (b)(6)***   was duly served  **via ECF**   upon:

**STEVENSON MARINO LLP, 75 Maiden Lane, Suite 402, New York, New York 10038**

Served this  18th  day of  March , 2021 .

                                                                                           *Mark Schwartz*
                                                                                          MARK SCHWARTZ, ESQ.

**CIVIL ACTION NO.:** 1:20-cv-04520-WFK-RER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

                Plaintiff,

                -against-

BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,

                Defendants.

---

### *DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12 (b)(6)*

---

**LAW OFFICES OF MARK SCHWARTZ**
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:**   JEFFREY R. MAGUIRE, ESQ.
        STEVENSON MARINO LLP
        *Attorneys for Plaintiff*
        LISA ROSENBAUM
        75 Maiden Lane, Suite 402
        New York, New York 10038
        Tel.: (212) 939-7229
        Fax: (212) 531-6129
        email: jmaguire@stevensonmarino.com