# LAW OFFICE OF MARK SCHWARTZ

225 BROADWAY, SUITE 1901
NEW YORK, NEW YORK 10007
TEL. (212) 619-6275
FAX. (718) 673-9010
MARKSCHWARTZESQ@VERIZON.NET

January 18, 2021

Via Priority Mail 9405511699000111618272

JEFFREY R. MAGUIRE, ESQ
STEVENSON MARINO LLP
75 Maiden Lane Rm 402
New York, NY 10038-4846

        Re:   Case Name:  Lisa Rosenbaum v. Bais Yaakov Drav Meir, et al
              Case Number:  20-cv-4520

This office represents Defendants Bais Yaakov Drav Meir and Michael Levi in this matter.

Enclosed please find Defendants Motion to Dismiss Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6), and all supporting papers.

Thank you for your attention to this matter.

Very truly yours,

MARK SCHWARTZ, ESQ.
LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL
LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:**   JEFFREY R. MAGUIRE, ESQ.
       STEVENSON MARINO LLP
       *Attorneys for Plaintiff*
       LISA ROSENBAUM
       75 Maiden Lane, Suite 402
       New York, New York 10038
       Tel.: (212) 939-7229
       Fax: (212) 531-6129
       email: jmaguire@stevensonmarino.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

     Plaintiff,

  -against-

BAIS YAAKOV DRAV MEIR and MICHAEL
LEVI, Individually,

     Defendants.

**CIVIL ACTION NO.**

1:20-cv-04520-WFK-RER

**HON. JUDGE WILLIAM F. KUNTZ, II**
*HON. RAMON E. REYES, JR., Magistrate Judge*

***Oral Argument Requested***

---

## DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO *FRCP 12 (b)(6)*

---

*PLEASE TAKE NOTICE* that upon the annexed brief, dated ___*January 18, 2021*___, and upon all papers filed herein, a motion will be made by the Defendants to this Court, the Honorable **WILLIAM F. KUNTZ, II** presiding, at the courthouse located at 225 Cadman Plaza East Brooklyn, New York 11201, on a date to be set by the Court, at 9:30 o'clock in the forenoon or as soon thereafter as counsel can be heard, for a judgment pursuant to the Federal Rules of Civil Procedure ("*FRCP*") **Rule 12(b)**, dismissing the Amended Complaint, and for such other and further relief as this Court may deem just and proper.

*PLEASE TAKE FURTHER NOTICE* that in the event this motion is denied, it is respectfully requested that this Court permit the Defendants, in accordance with *FRCP Rule 12(a)(4)*, to interpose an answer within sixty (60) days after notice of this Court's decision.

*PLEASE TAKE FURTHER NOTICE* that answering papers, if any, must be served within the time limits specified in the stipulation entered into by counsel for the parties, or in the Court's scheduling order.

Dated: New York, New York
   January 18, 2021

        Respectfully Submitted,

        MARK SCHWARTZ, ESQ.
        LAW OFFICES OF MARK SCHWARTZ
        *Attorney for Defendants*

BAIS YAAKOV DRAV MEIR and MICHAEL
LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:** JEFFREY R. MAGUIRE, ESQ.
STEVENSON MARINO LLP
*Attorneys for Plaintiff*
LISA ROSENBAUM
75 Maiden Lane, Suite 402
New York, New York 10038
Tel.: (212) 939-7229
Fax: (212) 531-6129
email: jmaguire@stevensonmarino.com

US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 1 FLAT-RATE ENVELOPE
ComPlsPrice

0623S0010887749
4541123
FROM 10007

stamps
endicia
01/15/2021



# PRIORITY MAIL 1-DAY™

**0005**

Law Office of Mark Schwartz
225 Broadway, Suite 1901
New York NY 10007

C029

SHIP
TO:

JEFFREY R. MAGUIRE, ESQ
STEVENSON MARINO LLP
75 Maiden Lane Rm 402
New York NY 10038-4846

**USPS TRACKING #**

**9405 5116 9900 0111 6182 72**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of this     **NOTICE OF MOTION AND SUPPORT PAPERS**     was duly served  **via ECF**   upon:

**STEVENSON MARINO LLP, 75 Maiden Lane, Suite 402, New York, New York 10038**

Served this  18th  day
of   January  ,  2021 .

_____
MARK SCHWARTZ, ESQ.

**CIVIL ACTION NO.:** 1:20-cv-04520-WFK-RER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

    Plaintiff,


    -against-


BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,

    Defendants.

---

## DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO *FRCP 12 (b)(6)*

---

### LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:** JEFFREY R. MAGUIRE, ESQ.
   STEVENSON MARINO LLP
   *Attorneys for Plaintiff*
   LISA ROSENBAUM
   75 Maiden Lane, Suite 402
   New York, New York 10038
   Tel.: (212) 939-7229
   Fax: (212) 531-6129
   email: jmaguire@stevensonmarino.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

              Plaintiff,

     -against-

BAIS YAAKOV DRAV MEIR and MICHAEL
LEVI, Individually,

             Defendants.

**CIVIL ACTION NO.**

1:20-cv-04520-WFK-RER

**HON. JUDGE WILLIAM F. KUNTZ, II**
*HON. RAMON E. REYES, JR., Magistrate Judge*

***Oral Argument Requested***

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO *FRCP 12 (b)(6)***

---

***SERVED ON PLAINTIFF'S ATTORNEY ON JANUARY 18, 2021***

---

Dated: New York, New York
     January 18, 2021

                         Respectfully Submitted,

                         MARK SCHWARTZ, ESQ.
                         LAW OFFICES OF MARK SCHWARTZ
                         *Attorney for Defendants*
                         BAIS YAAKOV DRAV MEIR and MICHAEL
                         LEVI, Individually,
                         225 Broadway, Suite 1901
                         New York, New York 10007
                         Tel.: (212) 619-6275
                         Fax: (718) 673-9010
                         email: markschwartzesq@verizon.net

**TO:**  JEFFREY R. MAGUIRE, ESQ.
       STEVENSON MARINO LLP
       *Attorneys for Plaintiff*
       LISA ROSENBAUM
       75 Maiden Lane, Suite 402
       New York, New York 10038
       Tel.: (212) 939-7229
       Fax: (212) 531-6129
       email: jmaguire@stevensonmarino.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... *i*

TABLE OF AUTHORITIES............................................................................................ *ii-iv*

INTRODUCTION.............................................................................................................. *1-3*

STATEMENT OF RELEVANT FACTS ..................................................................... *3-5*

STANDARD OF REVIEW ON A MOTION TO DISMISS ...................................... *5-6*

ARGUMENT...................................................................................................................... *6-16*

Introduction- I. ALL OF PLAINTIFF'S CAUSES OF ACTION MUST BE DISMISSED
               BECAUSE THEY FAIL TO PLEAD CLAIMS FOR RELIEF UNDER THE
               *FLSA* OR *NYLL* SINCE PLAINTIFF DOES NOT ALLEGE SHE
               PERFORMED WORK....................................................................... *6-7*

        A. Plaintiff's First and Second Causes of Action, Under *FLSA* for
           Failure To Issue Prompt Payment and Retaliation Fail Because
           *FLSA* Claims are Restricted to Unpaid Minimum Wages, and Do Not
           Extend to Any Claims Made On Another Basis............................................ *7-9*

        B. Plaintiff's Third, Fourth and Fifth Causes of Action, under *NYLL*
           Wage Statutes and Corresponding Anti-Retaliation Provisions
           Must Fail, Because Plaintiff Did not "Perform Any Work".......................... *10-12*

        C. Plaintiff's Third and Fourth Causes of Actions for Retaliation Claims Under
           Both *FLSA* and *NYLL* Should Fail Because Plaintiff was Not Involved in a
           Protected Activity and For the Additional Reason that Plaintiff did not
           Mention or Even Hint to Any Illegality in Defendants' Behavior.................. *12-15*

        II. ONCE THE FLSA CLAIMS ARE DISMISSED, THE NYLL
           CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT
           MATTER JURISDICTION................................................................. *15*

CONCLUSION................................................................................................................... *15*

*Almanzar v. C & I Assocs.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016)..........................  *8*

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)..........................................................................................  *9*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2D 868 (2009)..................  *5, 11*

*Baguidy v. Boro Transit Inc.*, 283 F. Supp. 3d 14 - Dist. Court, ED New York 2017..................  *13, 15*

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)...........................................  *5, 6, 10*

*Bergman v. Kids by the Bunch Too, Ltd.*, No. 14-CV-5005 (DRH)(SIL), 2016 U.S. Dist. LEXIS 62596, at *21-23 (E.D.N.Y. May 10, 2016)....................................  *9, 12, 14*

*Brown v. Hearst Corp.,* No. 3:14-cv- 01220-VLB, 2015 WL 5010551, at *1, *4 (D. Conn. Aug. 24, 2015)..........................................................................  *13*

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir.2008)....................  *5*

*Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)..............  *15*

*Chao v. Gotham Registry, Inc.,* 514 F.3d 280, 287 (2d Cir. 2008)..............................  *9*

*Corpes v. Walsh Constr. Co.,* 130 F. Supp. 3d 638, 641-42 (D. Conn. 2015)...............  *13*

*Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999)...............  *6*

*Dunn v. Sederakis*, 143 F.Supp.3d 102, 112-13 (S.D.N.Y. 2015)..............................  *14*

*Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19 - Dist. Court, ED New York 2015......................................................................................  *11*

*Feuer v. Cornerstone Hotels Corp.*, Dist. Court, ED New York 2020.........................  *6*

*Flores v. J & B Club House Tavern, Inc.*, No. 10 Civ. 4332(GAY), 2012 WL 4891888, at * 42*42 (S.D.N.Y. Oct. 16, 2012)............................................................  *7, 11*

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015).....................................  *12, 14*

*Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269 (NRB), 2000 U.S. Dist. LEXIS 11632, at *10 (S.D.N.Y. Aug. 15, 2000)..................................................................  *8*

*Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003).................................  *9, 11*

*Hagan v. Echostar Satellite, LLC*, 529 F. 3d 617 - Court of Appeals, 5th Circuit 2008.................  *12*

*Jeanty v. Newburgh Beacon Bus Corp.*, No. 17-cv-09175 (CS), 2018 WL 6047832, at *11 (S.D.N.Y. Nov. 19, 2018)...........................................................................  *13*

*Kasten v. Saint-Gobain Performance Plastics*, 563 US 1, 131 S.Ct. 1325, Supreme Court 2011  *12, 14*

*Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)...............................  *6*

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011)..............................  *9*

*Lasater v. Tex. A & M Univ.-Commerce*, 495 Fed.Appx. 458, 461 (5th Cir. 2012)......................  *12*

*Liangguang Sun v. AAA Venture Capital, Inc.*, No. CV 2015-04325 (FB)(MDG), 2016 U.S. Dist. LEXIS 125220, at *37 (E.D.N.Y. Sep. 12, 2016)..............................  *8*

*Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)................. *8, 9*

*Medina v. Ricardos Mechanical, Inc.*, No. 16-CV-1407 (NGG)(JO) (EDNY Aug. 17, 2018)...... *8*

*Monroe v. JHOC, Inc.*, No. 3: 18-CV-00299 (KAD) (D. Conn. June 24, 2019)........................... *13*

*Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010)...................................................... *10, 12*

*Murphy v. Guilford Mills, Inc.*, 02-CV- 10105, 2005 WL 957333, at *5 (SDNY 2005).............. *6*

*Nazinitsky v. Fairmont Ins. Brokers, Ltd.*, 06-CV-5555, 2010 WL 836766, at *8
(EDNY Mar. 8, 2010)................................................................................................................ *6*

*Nungesser v. Columbia University*, 169 F. Supp. 3d 353, 362 (S.D.N.Y. 2016).…..................... *6*

*Pierre v. Air Serv Sec.*, No. 14-cv-05915, 2016 WL 11396816, at *12 (EDNY July 28, 2016).... *13*

*Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 674 (S.D.N.Y.2011)................................... *11*

*Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) ........................... *7*

*Rodriguez v. National Golf Links of America*, No. 19-CV-7052 (PKC) (RML) Dist.
Court, ED New York 2020.......................................................................................................... *13*

*Rotthoff v. New York State Catholic Health Plan, Inc.*, No. 19-CV-04027 (EDNY 2020).…......... *5*

*Santi v. Hot in Here, Inc.*, No. 18-CV-03028 (ER), 2019 WL 290145, at *4
(S.D.N.Y. Jan. 22, 2019)............................................................................................................ *9*

*Shim v. Millennium Grp.*, No. CV- 08-4022 (FB)(VVP), 2009 U.S. Dist. LEXIS
124107, at *4 (E.D.N.Y. Oct. 2, 2009)....................................................................................... *8, 9*

*Sloan v. American Brain Tumor Association*, 901 F. 3d 891 - Ct of App, 7th Circuit 2018......... *13*

*Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011)............................ *10*

*Starnes v. Wallace*, 849 F.3d 627, 632 (5th Cir. 2017)............................................................... *13*

*Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).................................................. *5*

*Trowbridge v. Wernicki*, No. 3:13-CV-01797 JAM, 2015 WL 3746346, at *3
(D. Conn. June 15, 2015)............................................................................................................ *13*

*Velazquez v. Yoh Services, LLC*, No. 19-1020-cv (2d Cir. Mar. 18, 2020)................................... *14*

*Watkins v. First Student, Inc.,* No. 17-cv-01519, 2018 WL 1135480, at *10
(S.D.N.Y. Feb. 28, 2018)............................................................................................................ *13*

*Williams v. Time Warner, Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011)................................................ *5*

**Statutes**

*FLSA 29 USC § 206(a)*.................................................................................................. *1, 7, 12, 15*
*FLSA 29 USC § 215(a)(3)*.............................................................................................. *1, 7, 12, 15*
*NYLL § 190(1)*........................................................................................................................ *10*
*NYLL §191(d)*.................................................................................................................... *1, 15,*
*NYLL § 195(3)*.................................................................................................................. *1,10, 12, 15*
*NYLL §198(1-a)*..................................................................................................................... *1, 15*
*NYLL §198(c)*......................................................................................................................... *10*

*NYLL § 215(1)(a)*.................................................................................................................... *1, 12, 15*

## **Rules**

*FRCP § 12(b)(6)*................................................................................................................... *1, 5, 15*

*Fed. R. Evid. 201(b)*............................................................................................................ *6*

## **INTRODUCTION**

Defendants BAIS YAAKOV DRAV MEIR ("BYDM") and MICHAEL LEVI, Individually, ("Defendants") by and through the office of the undersigned respectfully submit this Brief in support of their Motion to Dismiss Plaintiff LISA ROSENBAUM'S ("Rosenbaum") Amended Complaint ("AC") for failure to meet the basic pleading requirements set forth in the Federal Rules of Civil Procedure ("*FRCP*") *§ 12(b)(6)*.

Plaintiff claims Defendants violated the Fair Labor Standards Act ("*FLSA*") and New York Labor Law ("*NYLL*"), namely, *FLSA 29 USC § 206(a)*, *FLSA 29 USC § 215(a)(3)*, *NYLL § 215(1)(a)*, *NYLL § 191(d)* and *NYLL § 198(1-a),* by failing to pay Plaintiff timely wages and then for retaliating against Plaintiff when she complained about the wages. Plaintiff further alleges that Defendants violated *NYLL § 195(3)*, for failure to furnish proper wage statements.

Plaintiff - a former secretary at Bais Yaakov Drav Meir yeshiva - admits that she was paid her wages through the school's March 18, 2020 closure. (AC ¶¶ *13, 14*). Plaintiff then alleges *only one more* day that she actually worked after the school's closure- April 26, 2020.  Plaintiff does not allege that she was not paid for that one day, and the Amended Complaint makes clear that in fact she was paid for that workday in a timely manner.  The remainder of Plaintiff's pay allegations involve payments she requested from BYDM for periods of time during which she was not working. Those payments, as they were not for time actually worked, are necessarily not wages and not the subject of the *FLSA*'s minimum wage laws and/or *NYLL* timely payment of wages statutes.

Plaintiff's allegations under the *FLSA* and *NYLL* wage statutes and corresponding anti-retaliation provisions are patently frivolous.  As to the *FLSA* claims, Plaintiff has no *FLSA* minimum wage claim, because she does not allege that she actually worked time for which she was not paid the minimum wage.  Nor does she claim that she had a good faith belief that she worked

time for which she was owed the *FLSA* minimum wage or that she claimed about not being paid the *FLSA* minimum wage. As such, she does not claim to have engaged in *FLSA* protected activity - complaints about violations of the *FLSA* - and she therefore has no *FLSA* retaliation claims. Thus, Plaintiff's first and second claims for relief must be dismissed.

Plaintiff's third and fourth claims for relief - for retaliation under the *NYLL* and untimely payment of wages - suffer from the same fatal deficiency. Plaintiff cannot sustain a claim for untimely payment of wages under the *NYLL*, because she does not allege that she worked a single day before or after the school's Covid-related closure, for which she was not paid. Thus, she does not allege that there was any wage that was paid to her in an untimely manner or that she complained about the failure to pay such wages. Thus, her third and fourth claims must be dismissed.

Given the above, it is not surprising that Plaintiff's retaliation charges suffer from another fatal deficiency- Plaintiff never complained to Defendants that they had engaged in illegal behavior or even hinted that they had engaged in illegal behavior. This makes perfect sense. Plaintiff could not have believed in good faith that Defendants were violating wage laws by not paying her money for a period of time during which she did not work. (Defendants note, an important point, which though not relevant to the analysis of Plaintiff's claims, give some context to Plaintiff's relationship with Defendants: Defendants in fact terminated Plaintiff because she dishonestly filed for unemployment benefits for periods of time that Defendants in fact paid her despite the school's closure.)

Plaintiff's *FLSA* claims are so patently frivolous that Defendants can only surmise that her counsel plead them solely to "manufacture " federal jurisdiction where there clearly is none. In any event, Plaintiff is clearly not owed any money under the *FLSA* 's minimum wage provisions or its anti-retaliation provisions. As such, whatever claims brought under the *NYLL* that are not

dismissed for failure to state a claim should be dismissed for a lack of subject matter jurisdiction.

## STATEMENT OF RELEVANT FACTS

Plaintiff, Lisa Rosenbaum, worked as a secretary, for Defendant, Bais Yaakov Drav Meir (hereinafter BYDM), a private elementary school in Brooklyn, New York.  On or about Wednesday, March 18, 2020, the New York State Governor ordered the closing of all New York City schools due to the Covid-19 Pandemic. Defendant BYDM closed as a result of that order.

BYDM paid the Plaintiff for the full week ending Friday, March 20, 2020, though she had not worked a full week, and for the following week, ending Friday, March 27, 2020 (AC ¶ *14* ).

On Friday, April 3, 2020, the first week for which BYDM employees were not yet paid, the bookkeeper was out with Covid-19, and didn't pay the employees. Plaintiff  "contacted Defendant Levi on April 5, 2020, to inquire about Defendants' failure to pay her wages" (AC ¶ *16*). Plaintiff does not allege that she complained about her wages on that date, nor that she told Defendant Levi that he had done anything wrong, or illegal by not paying her. By her own admission, in the Amended Complaint, she called to <u>inquire</u> about her wages. (AC ¶ *16*)

Thereafter, on April 7, 2020, only two days later, Plaintiff concedes (AC ¶  *17*) that she received two weekly checks. Having already been paid through March 27, 2020, the two weekly payments received on April 7, 2020 covered the next two weeks, namely, Friday, April 3, 2020 and Friday, April 10, 2020. However, in the Amended Complaint, ¶ *18,* Plaintiff contradicts herself and states that by April 21, 2020, Defendants "failed to make any payments for the workweeks ending April 10 and April 17, 2020." Despite receiving the payment for the week ending April 10, 2020, as discussed above, Plaintiff certified for, and received, unemployment benefits for that same week

from the DOL.

The only day Plaintiff actually worked after BYDM closed in March, 2020, was on Sunday, April 26, 2020 (AC ¶ *19*) when the Plaintiff returned to the school to "perform various tasks". Plaintiff does not allege anywhere in her Amended Complaint that she did not receive payment for that day, or that payment for that day was late or that she made any complaints or inquiries with regard to that day's work. In fact, Plaintiff is very clear throughout the Amended Complaint about which payments were late, and never mentions anything about the April 26, 2020 payment (AC ¶ ¶ *16, 18, 22, 23, 28*).

Plaintiff claims that on May 22, 2020, she left voicemails for Rabbi Gewirtz, an employee of BYDM and Defendant Levi <u>informing</u> them "once again" that they failed to pay her for additional weeks during which she does not claim she worked (AC ¶ *23*).

On June 1, 2020, Plaintiff was told by the bookkeeper, Ms. Wercberger, that Gewirtz and Defendant Levi were deducting the amount she received from the DOL from her payments (AC ¶ *25*) because she received the funds from both DOL (illegally) and BYDM. On that same day, the bookkeeper, Ms. Wercberger, also told plaintiff that she would be paid all outstanding wages, less the amount she received from the DOL (AC ¶ *25*).

On June 8, 2020, Plaintiff called Defendant Levi and they had a conversation (AC ¶ ¶ *26, 27*) wherein Plaintiff admits she was told by the Defendant Levi that she "unemployed herself".

It is indeed a fact that nowhere in the Amended Complaint does Plaintiff ever allege that while an employee of Defendants, she even hinted to Defendants about wrongdoing or illegality when she inquired about payments she believed she was owed. In fact, she mentions she inquired

(AC ¶ *16*), informed (AC ¶ *23*) and complained (AC ¶ ¶ *26, 27*) but doesn't allege that the contents of her complaints even hinted that Defendants' actions were illegal.

**STANDARD OF REVIEW ON A MOTION TO DISMISS**
**PURSUANT TO F.R.C.P. RULE 12 (B)(6)**

"A court reviewing a Rule *12(b)(6)* motion to dismiss 'is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference.' *Williams v. Time Warner, Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (summary order) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)ˆ)." See, *Rotthoff v. New York State Catholic Health Plan, Inc.*, No. 19-CV-04027 (AMD) (CLP) , Dist. Court, (EDNY 2020).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" *Nungesser v. Columbia University*, 169 F. Supp. 3d 353, 362 (S.D.N.Y. 2016). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "

In evaluating a Rule *§ 12(b)(6)* motion, a court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir.2008) (per curiam). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal, 556 U.S. at 679*. A complaint that offers "labels and

conclusions" or "naked assertions" without "further factual enhancement" will not survive a motion to dismiss. See, *Nungesser v. Columbia University*, 169 F. Supp. 3d 353 (S.D.N.Y. 2016). citing Id. At 678, (citing *Twombly*, 550 U.S. at 555). See, also, *Dangler v. N.Y.C. Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

Finally, *Fed. R. Evid. 201(b)* allows the Court to take judicial notice of facts "not subject to reasonable dispute" that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts may take notice of "the contents of relevant public disclosure documents . . . required by law to be filed" and "are relevant not to prove the truth of their contents but only to determine what the documents stated." See, *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). See, also *Nazinitsky v. Fairmont Ins. Brokers, Ltd.,* 06-CV-5555, 2010 WL 836766, at *8 (E.D.N.Y. Mar. 8, 2010) (quoting *Murphy v. Guilford Mills, Inc.*, 02-CV- 10105, 2005 WL 957333, at *5 (S.D.N.Y. Apr. 22, 2005)).

## ARGUMENT
### I. Introduction
### ALL OF PLAINTIFF'S CAUSES OF ACTION MUST BE DISMISSED BECAUSE THEY FAIL TO PLEAD CLAIMS FOR RELIEF UNDER THE *FLSA* OR *NYLL* SINCE PLAINTIFF DOES NOT ALLEGE SHE PERFORMED WORK

Both *FLSA* and *NYLL,* as described herein, apply to wages earned for hours worked. Simply put, a Plaintiff making a claim under either the federal or state statutes must have performed work in order to be considered to have earned a wage.

With regard to both *FLSA* and *NYLL* "[Plaintiffs] must produce sufficient evidence to establish that the employees have in fact performed work for which they were improperly compensated [...].'" *Feuer v. Cornerstone Hotels Corp.*, Dist. Court, ED New York 2020 (quoting

*Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997); See, also "*Flores v. J & B Club House Tavern, Inc*., No. 10-Civ-4332 (GAY), 2012 WL 4891888, at *1 (S.D.N.Y. Oct. 16, 2012)(discussing NYLL plaintiffs' burden to prove they performed the work for which they claim defendant failed to compensate them)".

Any additional arguments, set forth herein, though not needed, are asserted as alternative arguments. To be sure, there is no precedent for a situation where a plaintiff is claiming wages for time where absolutely no work was actually preformed. The *FLSA* is limited to minimum wage claims, and while *NYLL* is not limited to minimum wage, both only cover wages for which work was performed.

Based on the above, the Court, may - but need not - address the remaining arguments since for the above reasons alone Plaintiff has failed to state a cause of action under *FLSA* or *NYLL*.

**A.     Plaintiff's First and Second Causes of Action, Under *FLSA* for Failure To Issue Prompt Payment and Retaliation Fail Because *FLSA* Claims are Restricted to Unpaid Minimum Wages, and Do Not Extend to Any Claims Made On Another Basis**

Plaintiff's first and second claims for relief, are brought under *FLSA 29 USC § 206(a)*, which provides that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce... wages..."; and *FLSA 29 USC § 215(a)(3)*, which provides that an employer may not "discharge or in any other manner discriminate against any employee because such employee has filed any complaint...".

If the Court wishes to entertain these claims, despite Plaintiff's not actually performing any work for the time she seeks payment in the complaint, the above claims under the *FLSA* are "restricted to unpaid minimum wages, and [do] not extend to any underpayment claims

made on another basis." *Grochowski v. Ajet Constr. Corp.*, 97 Civ. 6269 (NRB), 2000 U.S. Dist. LEXIS 11632, at *10 (S.D.N.Y. Aug. 15, 2000)(citations omitted); see also *Almanzar v. C & I Assocs.*, 175 F. Supp. 3d 270, 278 (S.D.N.Y. 2016) ("the *FLSA* mandates only that an employee is paid an average minimum wage.") *Liangguang Sun v. AAA Venture Capital, Inc.*, No. CV 2015-04325 (FB)(MDG), 2016 U.S. Dist. LEXIS 125220, at *37 (E.D.N.Y. Sep. 12, 2016)(same); *Shim v. Millennium Grp.*, No. CV- 08-4022 (FB)(VVP), 2009 U.S. Dist. LEXIS 124107, at *4 (E.D.N.Y. Oct. 2, 2009)("the *FLSA* does not provide for recovery in excess of the unpaid minimum wage."); see also *Medina v. Ricardos Mechanical, Inc.*, No. 16-CV-1407 (NGG)(JO) (EDNY Aug. 17, 2018) ("Although Plaintiff's arguments are vague as to whether he seeks compensation for "gap-time" (i.e., unpaid regular work hours), the court clarifies that the *FLSA* supplies a cause of action only for minimum wage and overtime violations, and not for lost gap-time. See *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 116 (2d Cir. 2013))".

Plaintiff's claim for relief brought under the *FLSA*'s retaliation provision must fail, because she does not (nor could she) make the basic assertion that she complained about any failure by Defendants to pay her the *FLSA*'s minimum wage.

Plaintiff admits in the Amended Complaint, in ¶ *14,* therein, that she was paid through March 27, 2020. Although she was paid, Plaintiff did not work past March 18, 2020, except for one single day on April 26, 2020. The fact that Plaintiff worked that one day was alleged in the Amended Complaint ¶ *15.* However, regarding that single day's work, plaintiff does not allege anywhere in the Amended Complaint that she was not paid, or was paid late, for the work performed on that day. Nor is there any allegation that she complained about her wages regarding the work performed on April 26, 2020. Also absent from the Complaint is any claim that Plaintiff was not paid minimum wage or overtime for the work performed on that day.

To establish liability for hours worked by an employee off the clock, a plaintiff must prove that he or she performed work for which he or she was not properly compensated, and that the employer had actual or constructive knowledge of that work. *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 361 (2d Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686–87, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)); s*ee, Chao v. Gotham Registry, Inc.,* 514 F.3d 280, 287 (2d Cir.2008); *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 87 (2d Cir.2003). see also, *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 115 (2d Cir. 2013).

Thus, Plaintiff cannot be owed any money under the *FLSA*, which entitles an employee to a minimum wage for hours worked. Plaintiff clearly understood this, and in the Complaint she does not even bother to allege that she complained about minimum wages owed under the *FLSA*. Since Plaintiff's purported complaint about money owed is not covered under the *FLSA* and was not remotely related to the *FLSA*'s minimum wage requirements, she did not engage in activity protected by the *FLSA (as discussed in detail herein)*, and her claim for *FLSA* retaliation must also be dismissed. *Bergman v. Kids by the Bunch Too, Ltd.*, No. 14-CV-5005 (DRH)(SIL), 2016 U.S. Dist. LEXIS 62596, at *21-23 (E.D.N.Y. May 10, 2016) adopted by *Bergman v. Kids by the Bunch Too, Ltd.*, No. 14-CV-5005 (DRH)(SIL), 2016 U.S. Dist. LEXIS 126542 (E.D.N.Y. Sep. 16, 2016) ("[plaintiff] bases her claim on the fact that prior to her termination she sent an email to Defendant Jonathan Turman informing him of Defendants failure to pay for accrued vacation time. Payment for accrued vacation time is not protected under the *FLSA*, however. Accordingly, Plaintiff is not alleging retaliation for participation in a protected activity under the *FLSA*, and the Court recommends that her motion for a default judgment for retaliation under the *FLSA* be denied.")

**B.  Plaintiff's Third, Fourth and Fifth Causes of Action under *NYLL* Wage Statutes and Corresponding Anti-Retaliation Provisions Must Fail, Because Plaintiff Did not "Perform Any Work"**

Plaintiff's fourth cause of action is brought under the timely wages provision, *NYLL § 191(d)*, which provides that a worker shall be paid the wages earned. The fifth claim under *NYLL § 195(3)* is for failure to provide employees with proper wage statements for hours worked. Both must fail since, again, Plaintiff does not claim she was working and was not owed any wage under *NYLL*.

Further to the argument made above, nowhere does the Plaintiff, in her Amended Complaint, explain what wages she is owed under the *NYLL. NYLL § 190(1)* explicitly defines wages as (a) "the earnings of an employee for labor or services rendered," or (b) benefits/wage supplements as defined in *NYLL § 198(c)*. Plaintiff does not appear to be claiming that she is owed money or complained about money owed under either of those sections of the *NYLL*, which covers money owed pursuant to "an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees." Such a claim would necessarily fail, because Plaintiff does not and cannot establish the existence of an agreement to pay her for time for which she did not work. *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 476 (E.D.N.Y. 2011) ("To the extent that the Labor Law does provide a basis for recovery of accrued vacation and sick day payments under section *198(c)*, it is only to enforce those agreements when they are made...")

Nor can Plaintiff allege that she "earned" money for "labor or services rendered," because Plaintiff does not allege in the Amended Complaint that she worked for even one second for Defendants for which she was not paid. As discussed above, to survive a motion to dismiss, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Thus, plaintiff cannot be owed any "wages," under the *NYLL*, and her third claim for relief, brought under the above Provisions of the *NYLL*, requiring that employers make timely payments according to the terms and conditions of employment, and that she was not paid all wages owed, must also fail.

As discussed above, Plaintiff has not claimed that she actually worked for any of the wages she claimed were late or missing. The payments she discusses were not for "wages owed". Even if this Court accepts the allegations in the Amended Complaint as true, which the Court is required to do, the statements in the Amended Complaint which claim there were "wages owed", are merely conclusions and not facts which state a proper claim for relief under the *FLSA* or *NYLL*. Plaintiff must show what work she performed which entitled her to the wages.

In <u>*Fermin v. Las Delicias Peruanas Restaurant, Inc.*</u>, 93 F. Supp. 3d 19 - Dist. Court, ED New York 2015, the Court stated that:

"An employee bringing an action for unpaid minimum wages under the *FLSA* and the *NYLL* "has the burden of proving that he performed work for which he was not properly compensated." *Pineda v. Masonry Const., Inc.*, 831 F.Supp.2d 666, 674 (S.D.N.Y.2011) (discussing this burden of proof in the context of overtime; citing *Grochowski v. Phoenix Const.*, 318 F.3d 80, 87 (2d Cir.2003)); see *Flores v. J & B Club House Tavern, Inc.*, No. 10 Civ. 4332(GAY), 2012 WL 4891888, at * 42*42 (S.D.N.Y. Oct. 16, 2012) (discussing that *NYLL* plaintiffs have the burden to prove that they performed the work for which they claim the defendant failed to compensate

them).”

Therefore, the claim that the Defendants must provide wage statements for payments made by Defendants to the Plaintiff for the time she was not actually working is without merit. *NYLL § 195(3)* requires employers to "furnish each employee with a statement with every payment of wages...".  It is clear that the purpose of the statute was to allow employees to ensure they are being paid the correct amount for worked performed.  However, regardless of the statute's purpose, as stated above, *NYLL* defines wages as "the earnings of an employee for labor or services rendered".

**C.    Plaintiff's Third and Fourth Causes of Actions for Retaliation Claims Under Both *FLSA* and *NYLL* Should Fail Because Plaintiff was Not Involved in a Protected Activity and For the Additional Reason that Plaintiff did not Mention or Even Hint to Any Illegality in Defendants' Behavior**

Plaintiff's second and third claim for relief under the the *FLSA and NYLL's* anti-retaliation provisions, *FLSA 29 USC § 215(a)(3)* and *NYLL § 215(1)(a)* must fail because in addition to the fatal flaws above – that Plaintiff's claim was not for minimum wages covered by *FLSA* and Plaintiff did not perform any work entitling her to wages under either *FLSA* or *NYLL* – Plaintiff was also not engaged in a protected activity under *FLSA* or *NYLL.* To be sure, Plaintiff did not claim Defendants broke the law with regard to her wages, which is not surprising, since the payments Plaintiff wanted and expected were not wages under any law, as discussed above.

“To state a claim for retaliation under the *FLSA*, a plaintiff must allege: "`(1) participation in protected activity known to the defendant...; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.'" *Bergman v. Kids By the Bunch Too, Ltd.*, 2016 WL 4991549, at *7 (E.D.N.Y. May 10, 2016) (quoting *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010)).

“The burden-shifting standard for a retaliation claim under the *NYLL* is the same as

that under the *FLSA*." *Rodriguez v. National Golf Links of America*, No. 19-CV-7052 (PKC) (RML) Dist. Court, (ED New York 2020).

"To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015) citing *Kasten v. Saint-Gobain Performance Plastics*, 563 US 1, 131 S.Ct. 1325, Supreme Court 2011; see *Trowbridge v. Wernicki*, No. 3:13-CV-01797 JAM, 2015 WL 3746346, at *3 (D. Conn. June 15, 2015); *Monroe v. JHOC, Inc.*, Dist. Court, D. Connecticut (2019); *Brown v. Hearst Corp.*, No. 3:14-cv- 01220-VLB, 2015 WL 5010551, at *1, *4 (D. Conn. Aug. 24, 2015); *Corpes v. Walsh Constr. Co.*, 130 F. Supp. 3d 638, 641-42 (D. Conn. 2015)*; Jeanty v. Newburgh Beacon Bus Corp.*, No. 17-cv-09175 (CS), 2018 WL 6047832, at *11 (S.D.N.Y. Nov. 19, 2018); *Watkins v. First Student, Inc.*, No. 17-cv-01519, 2018 WL 1135480, at *10 (S.D.N.Y. Feb. 28, 2018)

Using this standard, and taking Plaintiff's complaint at face value, Plaintiff did not explicitly or implicitly assert any right under the FLSA minimum wage requirement. Thus, there is no way BYDM could have understood and/or been on notice that Plaintiff was asserting any rights under the *FLSA* while requesting money for a period of time that the school was closed and she was not working. Plaintiff 's request of money unrelated to time worked, also would not have put Defendants on notice that she was asserting a non-existent claim under *NYLL*. Consequently, Plaintiff's claims must be dismissed. See, *Baguidy v. Boro Transit Inc.*, 283 F. Supp. 3d 14, 31 (E.D.N.Y. 2017) (dismissing *FLSA* retaliation claim where Plaintiff's general allegations were insufficient to put Defendant on notice that Plaintiff was asserting his rights under the FLSA); See, also, *Pierre v. Air Serv Sec.*, No. 14-cv-05915, 2016 WL 11396816, at *12 (E.D.N.Y. July 28, 2016)

(Plaintiff's case dismissed because "Plaintiff failed to establish the first prong of the prima facie case, which requires that "a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.); and *Dunn v. Sederakis,* 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015) (Case dismissed because the Complaint "...does not plead facts sufficient to alert her employers to a claim of an FLSA violation, as necessary to meet the *Greathouse/Kasten* standard").

Recently, the Court of Appeals for the Second Circuit, in *Velazquez v. Yoh Services, LLC,* No. 19-1020-cv (2d Cir. Mar. 18, 2020), affirmed the Lower Court's decision to dismiss Plaintiff's case - for money she claimed but didn't work for - because her employer could not have understood her complaints as asserting her rights under the *FLSA*. Therefore there was no *FLSA* violation and the Court reasoned that "[...] the absence of a violation bears on whether "a reasonable, objective person would have understood the employee to [be] . . . asserting [her] statutory rights under [the *FLSA*]. *Greathouse*, 784 F.3d at 116 (quoting *Kasten*, 536 U.S. At 14)...".

Indeed, this case is similar to *Bergman v. Kids by the Bunch Too, Ltd.*, 14-CV-5005 (DRH)(SIL) Dist. LEXIS 62596, at *24 (E.D.N.Y. May 10, 2016), where a plaintiff claimed she was owed money which was not connected to any statutory right under *FLSA* or *NYLL* – since it was not for hours worked. Accordingly, even though the Plaintiff in that case claimed she was owed money by her employer, the court concluded that such claims were not protected activity under the *FLSA* or *NYLL*. *Id.*

In the instant case, even accepting every allegation in Plaintiff's Amended Complaint, as true, Plaintiff fails to allege that she worked for the money she claims was late and therefore was not participating in a protected activity because Defendants could never understand, or be on notice

that, they would be subject to a frivolous claim for unearned wages.

## II.
### *ONCE THE FLSA CLAIMS ARE DISMISSED, THE NYLL CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION*

Following dismissal of Plaintiff's *FLSA* claims for relief, and if the NYLL claims are not dismissed as Defendants have requested, the Court should not exercise supplemental jurisdiction over Plaintiff's remaining claim for relief, brought under state law. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims. It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.")." See, also *Baguidy v. Boro Transit Inc.*, 283 F. Supp. 3d 14 - Dist. Court, (EDNY 2017).

## CONCLUSION

Defendants request that Plaintiff's claims under *FLSA 29 USC §206(a)*, *FLSA 29 USC §215(a)(3)*, *NYLL § 215(1)(a)*, *NYLL § 191(d)*, *NYLL § 198(1-a)* and *NYLL §195(3)* be dismissed for failure to meet the basic pleading requirements set forth in *FRCP § 12(b)(6)* because plaintiff did not perform any work and was not involved in a protected activity triggering *FLSA* or *NYLL* protection. If the *FLSA* claims are dismissed and there are any remaining *NYLL* claims, Defendants' respectfully request that the Court not exercise jurisdiction over the remaining *NYLL* claim.

Dated: New York, New York
        January 18, 2021

                                        Respectfully Submitted,

                                        MARK SCHWARTZ, ESQ.
                                        LAW OFFICES OF MARK SCHWARTZ

*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL
LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:**  JEFFREY R. MAGUIRE, ESQ.
STEVENSON MARINO LLP
*Attorneys for Plaintiff*
LISA ROSENBAUM
75 Maiden Lane, Suite 402
New York, New York 10038
Tel.: (212) 939-7229
Fax: (212) 531-6129
email: jmaguire@stevensonmarino.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

                    Plaintiff,


          -against-


BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,

                    Defendants.

---

### *DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FRCP 12 (b)(6)*

---

**LAW OFFICES OF MARK SCHWARTZ**
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
Email: markschwartzesq@verizon.net


**TO:**  JEFFREY R. MAGUIRE, ESQ.
       STEVENSON MARINO LLP
       *Attorneys for Plaintiff*
       LISA ROSENBAUM
       75 Maiden Lane, Suite 402
       New York, New York 10038
       Tel.: (212) 939-7229
       Fax: (212) 531-6129
       email: jmaguire@stevensonmarino.com