UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LISA ROSENBAUM,             :
                            :
                 Plaintiff, :
                            :     **ORDER**
        v.                  :     20-CV-4520 (WFK) (RER)
                            :
BAIS YAAKOV DRAV MEIR, *et al.*, :
                            :
                Defendants. :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Plaintiff brings claims against her former employer alleging violations of (1) the prompt payment requirement of the Fair Labor Standards Act ("FLSA" or "Act"), 29 U.S.C. § 206(a); (2) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (3) one of the anti-retaliation provisions of the New York Labor Law ("NYLL"), NYLL § 215(1)(a); (4) the NYLL's requirement that employers make timely payments according to the terms and conditions of employment, § 191(d) and § 198(1- a); and (5) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3). Defendants moved to dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) alleging plaintiff failed to state a claim upon which relief may be granted. ECF No. 23. For the reasons set forth below, Defendants' motion is DENIED.

## BACKGROUND

In February 2005, Bais Yaakov Drav Meir ("Defendant" or "Beth Jacob"), a private elementary school, hired Lisa Rosenbaum ("Plaintiff") to work as a secretary. Amended Complaint ("Compl."), ECF No. 12 ¶ 10. Plaintiff performed various administrative tasks during her tenure, such as handling phone calls, taking messages, editing the weekly newsletter, and assisting students and teachers. *Id.* ¶ 11. Plaintiff served as the school secretary until Defendant Levi terminated her employment on June 8, 2020. *Id.* Defendants paid Plaintiff an annual salary of $63,610.96, which, according to the terms of Plaintiff's employment, was broken down as follows: (1) one weekly payment of $699.34 for ten months; (2) one weekly payment of $325.00 for ten months allocated for "groceries" to a supermarket affiliated with the school; (3) and one monthly rent payment of $1,545.00, which, according to the agreed-upon terms of employment between the parties, was earned over the ten-month school period and prorated over a twelve-month period to be paid on the first day of every month. *Id.* ¶ 12.

1

On March 18, 2020, Beth Jacob temporarily closed due to the public health emergency caused by the COVID-19 pandemic. *Id.* ¶ 13. Prior to its closure, Defendants paid Plaintiff her weekly wages for the work weeks ending on March 20 and March 27, 2020. *Id.* ¶14. On April 5, 2020, after Defendants failed to pay her wages for the week ending on April 3, 2020, Plaintiff contacted Defendants. *Id.* ¶ 16. Defendants then paid Plaintiff some but not all of her wages for that week. *Id.* ¶ 17. On or about April 21, 2020, Plaintiff filed for unemployment for the weeks of April 10 and April 17, 2020. *Id.* ¶ 18. On April 26, 2020, Plaintiff worked at Beth Jacob from 9:00 A.M. until 4:00 P.M., handing out books to students and taking phone calls from students' parents to coordinate the school's future remote learning plan. *Id.* ¶ 19.

On May 4, 2020, Defendants' bookkeeper, Ms. Wercberger, informed Plaintiff she was working with Beth Jacob's administrator, Rabbi Yonah Gewirtz, to correct Beth Jacob's payroll issues in order to provide Plaintiff with her the outstanding wages. *Id.* ¶ 20. On May 6, 2020, Rabbi Gewirtz told Plaintiff he spoke with the Department of Labor ("DOL") and "straightened out the situation with the agency and provided her instructions about the changes she needs to make on her end of the DOL's online portal." *Id.* ¶ 21. On May 8, 2020, Defendants provided Plaintiff with an envelope containing her past-due wages, but the payment did not include a check for Plaintiff's wages due for the workweek ending on May 8, 2020. *Id.* ¶ 22. Defendants also failed to remit the pay checks due on May 15 and May 22, 2020. *Id.* ¶ 23.

On or around May 22, 2020, Plaintiff called both Rabbi Gewirtz and Defendant Levi to complain about her unpaid wages. *Id.* ¶ 23. Defendants responded by suggesting there must have been a problem with the mail. *Id.* ¶ 24. On June 1, 2020, Ms. Wercberger informed Plaintiff the school would deliver Plaintiff's outstanding wages immediately. *Id.* ¶ 25. Ms. Wercberger additionally confirmed the outstanding wages would be paid to Plaintiff less the amount she received through unemployment benefits, per Defendant Levi and Rabbi Gewirtz's direction. *Id.* ¶ 25.

On June 8, 2020, after still not receiving her outstanding wages, Plaintiff called Defendant Levi directly. *Id.* ¶ 26. Plaintiff alleges during the June 8, 2020 call, Defendant Levi berated Plaintiff about her persistent complaints regarding her unpaid wages. *Id.* ¶ 27. Additionally, she claims Defendant Levi emphasized he considered Plaintiff's initial call to him on April 5, 2020 to be the equivalent of Plaintiff telling him to "drop dead." *Id.* ¶ 27. Plaintiff also alleges Defendant Levi repeatedly told Plaintiff she had "unemployed herself" as a result of her complaints to him about her unpaid wages, and as of that date (June 8, 2020), Defendants were terminating her employment. *Id.* ¶ 27. Defendant Levi concluded by informing Plaintiff she would be paid up until the end of June 2020. *Id.* ¶ 27.

On September 24, 2020, Plaintiff filed the instant action asserting retaliation claims under the Fair Labor Standards Act of 1938 ("FLSA" or "Act"), 29 U.S.C. § 203, and New York Labor Law ("NYLL"). *See* ECF No. 1. On October 20, 2020, Plaintiff served Defendants with copies of the summons and complaint. *Id.* ¶ 31. The next day, Ms. Wercberger called Plaintiff on Defendant Levi's behalf. *Id.* ¶ 32. Ms. Wercberger encouraged Plaintiff to settle the matter in Rabbinical Court, also known as a "beth din." *Id.* ¶ 32. Once Plaintiff stated she was represented by counsel and was relying upon counsel's advice, Ms. Wercberger allegedly proceeded to threaten Plaintiff by reminding her she had "children to marry off," a social warning suggesting Plaintiff's pursuit of her claims in secular court would result in other people in the community refusing to marry her children. *Id.* ¶ 32. Indeed, Plaintiff perceived this as a threat intended to dissuade her from continuing the instant action. *Id.* ¶ 32. On October 22, 2020, Defendant Levi emailed Plaintiff to schedule a time for the parties to appear before the Rabbinical Court. *Id.* ¶ 33. That same day, Plaintiff's counsel notified Defendants she declined to consent to appear in Rabbinical Court. *Id.* ¶ 34. Plaintiff's counsel also sent correspondence to Defendants' counsel to cease and desist all forms of harassment and threats as to Plaintiff's standing in her community and informed the Defense Plaintiff had chosen to have the matter adjudicated in federal court. *Id.* ¶ 34.
3

On or around November 12, 2020, Defendants instituted a new action in Rabbinical Court. *Id.* ¶ 35. On November 12, 2020, Plaintiff received a summons from the Rabbinical Court requiring Plaintiff to appear on November 19, 2020. *Id.* ¶ 36. The summons stated in part:

> NOTE: In regard to the charges brought against the plaintiff in the secular courts. The plaintiff is willing and ready to discuss all claims and arguments between you at any Beit Din accepted by both parties. Therefore, here in the name of Beit Din with WARNING OF BEIT DIN according to Jewish law "Jewish individuals are forbidden to litigate in secular courts without consent of Beit Din" as the severity of this explained in (Source provided), and the remnants of Israel will not do an unjust act.

*Id.* ¶ 37. Plaintiff alleges this language was intended to intimidate Plaintiff from pursuing her FLSA and NYLL claims in federal court, and she further alleges it constitutes "per se retaliation for Plaintiff engaging in protected activity under the FLSA and the NYLL by filing the Complaint in federal court." *Id.* ¶ 38.

In her Amended Complaint, Plaintiff brings five claims against Defendants, alleging violations of: (1) the prompt payment requirement of the FLSA, 29 U.S.C. § 206(a); (2) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (3) one of the anti-retaliation provisions of the NYLL, NYLL § 215(1)(a); (4) the NYLL's requirement that employers make timely payments according to the terms and conditions of employment, NYLL §§ 191(d) and 198(1-a); and (5) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3). *Id.* ¶ 1.

In their motion to dismiss, Defendants argue (1) Plaintiff's FLSA claims fail because FLSA claims are restricted to allegations of unpaid minimum wages or overtime; (2) Plaintiff's NYLL wage and anti-retaliation claims fail because Plaintiff did not "perform any work" during the relevant period; (3) Plaintiff's retaliation claims under both the FLSA and NYLL fail because Plaintiff was not involved in protected activity; and (4) in the event the Court dismisses Plaintiff's FLSA claims, Plaintiff's NYLL claims should be dismissed for lack of subject matter jurisdiction.

For the reasons set forth below, Defendants' motion to dismiss is denied.

4

**LEGAL STANDARD**

To survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (quoting *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (referencing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (establishing this proposition). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 102. "The plausibility standard under Rule 12(b)(6) requires more than a sheer possibility that a defendant has acted unlawfully, and determining whether a complaint meets this standard is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Han v. Shang Noodle House, Inc.*, 20-CV-2266 (PKC) (VMS), 2022 WL 4134223, at *3 (E.D.N.Y. Sept. 12, 2022) (Chen, J.) (quoting *Vengalattore*, 36 F.4th at 102 (applying *Iqbal*, 556 U.S. at 678–79)).

In considering a motion to dismiss, the Court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Twombly*, 550 U.S. at 555. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A complaint must be dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. To be clear, a court should dismiss a complaint only where it seems beyond doubt the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) (internal citations omitted).

**DISCUSSION**

**I.     Prompt Payment Claims**

5

"The FLSA requires certain employers to pay a minimum wage and to provide overtime pay for work exceeding forty hours per week." *Ilyina v. Fantasy Lake Resort, Inc.*, 19-CV-4845, 2022 WL 16855879, at *2 (E.D.N.Y. Nov. 10, 2022) (referencing 29 U.S.C. §§ 206(a), 207(a)). "Employees qualify for protection under the FLSA if in any work week an employee either: 1) is engaged in commerce or in the production of goods for commerce, or 2) is employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* at 2 (quoting *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 97 n.2 (2d Cir. 2009) (per curiam) (internal quotation marks omitted)).

To make out a claim under the FLSA, a plaintiff must show: (1) the defendant is an "enterprise engaged in commerce or in the production of goods for commerce;" (2) the plaintiff is an "employee" within the meaning of the FLSA; and (3) the employment relationship does not fall within an exception to the FLSA. *See Edwards v. Community Enters., Inc.,* 251 F. Supp. 2d 1089, 1098 (D. Conn. 2003) (Underhill, J.) (citing *Tony & Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290, 295 (1985)); *see also Blue v. Finest Guard Servs., Inc.,* 09-CV-133 (ARR) (CLP), 2010 WL 2927398, at *5 (E.D.N.Y. June 24, 2010) (Pollack, Mag. J.), *report and recommendation adopted,* 09-CV-133 (ARR) (CLP), 2010 WL 2927403 (E.D.N.Y. July 19, 2010) (Ross, J.).

Instead, the Defense argues Plaintiff failed to plead sufficient facts evincing she performed work for which the FLSA required Defendants to compensate. In other words, the Defense argues once the school closed on March 18, 2020, Plaintiff only worked one day (April 26, 2020), and Defendants compensated Plaintiff for her work on this day. Def.'s Memo., ECF No. 23 at 19. Therefore, because the school was closed for the rest of the relevant time period, Plaintiff did not perform any work during the relevant period and thus any payment she received after the school's closure was "not wages and not the subject of the FLSA's minimum wage laws and/or the NYLL timely payment of wages statutes." *Id.* at 12.

6

To make a claim under the FLSA, a complaint must meet the Act's "enterprise" and "employee" pleading requirements. *See Ilyina,* 2022 WL 16855879, at *2 (discussing the FLSA pleading requirements). In addition to satisfying these threshold requirements, in order to survive a 12(b)(6) motion to dismiss, plaintiffs must also allege sufficient factual matter to state a claim with plausibility. *See Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013). *See also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013) (applying *Lundy* and discussing the degree of specificity necessary to sufficiently plead an FLSA overtime claim).

This Court recognizes the instant Complaint does not allege overtime claims in violation of the FLSA but rather contends Defendants violated the Act by failing to issue prompt payment. *See* Compl. ¶¶ 39-44. The FLSA requires employers "pay to each of his employees . . . who in any workweek is engaged in commerce or in the production of goods for commerce . . . not less than the minimum wage." 29 U.S.C. § 206(b)." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998). The Act also requires "employers . . . provide overtime compensation for hours worked over 40 in a given workweek." *Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, 2016 WL 7217641, at *11 (E.D.N.Y. Dec. 13, 2016) (Chen, J.). "The Act does not specify when this wage must be paid." *Rogers*, 148 F.3d at 55. However, "[c]ourts have long interpreted [FLSA] to include a prompt payment requirement." *Coley,* 2016 WL 7217641, at *12 (citing *Rogers*, 148 F.3d at 55 (reaching this conclusion but adding the following qualification: "although the FLSA does include a prompt payment requirement, that requirement is not violated when an employer changes its pay schedule so long as this change: (a) is made for a legitimate business purpose; (b) does not result in an unreasonably long delay in payment; (c) is intended to be permanent; and (d) does not result in violation of the substantive minimum wage or overtime provisions of the FLSA.")).

Under the statute, late wages are considered a form of unpaid wages. *See Rigopoulos v. Kervan,* 140 F.2d 506, 507 (2d Cir. 1943); *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 58 (2d Cir. 1998)).

7

Indeed, courts have also held "[t]he NYLL similarly requires that covered employees are paid 'in accordance with the agreed terms of employment'" and the NYLL, as with the FLSA, similarly requires prompt payment of due wages. *Coley,* 2016 WL 7217641, at *12 (quoting *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 354 (S.D.N.Y. 2014) (Oetken, J.) (citing NYLL § 191(1)(d)); *Belvin v. Electchester Mgmt.* LLC, 15-CV-04924 (KAM) (PK), 2020 WL 489532, at *8 (E.D.N.Y. Jan. 30, 2020) (Matsumoto, J.)). *See also* NYLL § 191(1)(a), (c) (imposing this requirement). The Act also provides that employers who violate this provision of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(a).

"It is clear that the FLSA requires wages to be paid in a timely fashion." *Rogers*, 148 F.3d at 57; *Coley,* 2016 WL 7217641, at *12 ("Courts have long interpreted [FLSA] to include a prompt payment requirement."); *see also Belizaire*, 61 F. Supp. 3d at 359. "Whether the prompt payment requirement of the FLSA has been violated must be determined by reference to objective standards. In general, the prompt payment requirement is not violated when an employer changes the pay schedule, provided that the change: (a) is made for a legitimate business reason; (b) does not result in an unreasonable delay in payment; (c) is intended to be permanent; and (d) does not have the effect of evading the FLSA's substantive minimum wage or overtime requirements." *Rogers,* 148 F.3d at 58.

As an extension of the Second Circuit's reasoning in *Lundy,* plaintiffs alleging a failure to promptly pay under the FLSA must plead sufficient facts in support of their claims, which this Plaintiff has done. The Amended Complaint sufficiently details how "Defendants missed payments on multiple occasions without any legitimate business reason" and alleges these late or missed payments were unreasonable. Compl. ¶ 42. *See Rogers,* 148 F.3d at 58 ("[E]ven if the facts are as the plaintiffs allege, the change did not have the effect of evading the substantive minimum wage or overtime provisions of the FLSA. But the plaintiffs also assert (1) that the change was not intended to be permanent; (2) that it resulted in an unreasonable delay in payment; and (3) that it was motivated by something other

8

than a legitimate business purpose… If the plaintiffs were able to prove these allegations, [the defendant's] actions would not satisfy the test outlined above. Accordingly, the case should not have been resolved on a motion to dismiss."). Based on the allegations set forth in the Amended Complaint, which the Court is required to accept as true at this stage, this Court finds there are sufficient facts supporting the plausibility of Plaintiff's FLSA claim alleging Defendant's failure to promptly pay.

The defense does not dispute Defendants are employers within the meaning of the FLSA and NYLL, and the School is an enterprise within the meaning of the FLSA. *See* Def.'s Memo, ECF No. 23. *See also Singh v. Mowla*, 19-CV-4687 (PKC) (LB), 2022 WL 17820099, at *8, n.8 (E.D.N.Y. Sept. 30, 2022) (Chen, J.) (noting the NYLL's definitions of "employee" and "employer" are analogous to those under the FLSA with the exception that the NYLL does not require a plaintiff to show a connection with interstate commerce or any level of gross sales (citing *Santillan v. Henao*, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011)); *see also Nam v. Ichiba Inc.*, 19-CV-1222 (KAM), 2021 WL 878743, at *10 (E.D.N.Y. Mar. 9, 2021) (Matsumoto, J.); N. Y. Lab. Law §§ 2, 651. Neither does the defense deny Plaintiff was a non-exempt employee within the meaning of the FLSA throughout the relevant period. *See* Def. Reply, ECF No. 22 at 7. The defense also accurately notes Plaintiff never suggests she worked over 40 hours in any week during the relevant period. Indeed, Plaintiff instead alleges Defendants failed to timely pay her wages during the relevant periods noted in the Complaint. *Id.* ¶ ¶ 16-22. However, the defense nevertheless fails to defeat Plaintiff's claim that she is not obligated to plead these facts.

Plaintiff's pleading adequately alleges (1) Defendant is an "enterprise engaged in commerce or in the production of goods for commerce;" (2) Plaintiff is an "employee" within the meaning of the FLSA; and (3) Defendants and Plaintiff's employment relationship does not fall within an exception to the FLSA. Compl. ¶ ¶ 6-9. *See Edwards,* 251 F. Supp. 2d at 1098 (stating these requirements). Plaintiff also alleges "Defendants missed payments on multiple occasions without any legitimate business reason causing unreasonable delay in the payment of Plaintiff's wages" thereby

supporting her claim Defendants failed to timely pay her wages. Compl. ¶ 42. *See Rogers*, 148 F.3d at 57 ("It is clear that the FLSA requires wages to be paid in a timely fashion.").

## II. Retaliation Claims

Plaintiff also alleges Defendants violated the FLSA's anti-retaliation provision as well as an analogous provision of NYLL. Pursuant to Section 215(a)(3) of the FLSA, it is unlawful for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). *See also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 115 (2d Cir. 2015) (citing *Minor v. Bostwick Labs., Inc.*, 669 F.3d 428, 439 (4th Cir. 2012) (reaching this interpretation)). As with the FLSA, NYLL makes it unlawful for an employer to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [the NYLL]." NYLL § 215(a)(1).

Once presented, Courts analyze FLSA retaliation claims "under [a] three-step burden-shifting analysis." *Velazquez v. Yoh Servs.*, LLC, 803 F. App'x 515, 517 (2d Cir. 2020) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). A prima facie retaliation claim is established by showing: "(1) participation in protected activity known to the defendant, [such as] the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Soto v. Miss Laser Inc.,* 19-CV-4745 (MKB), 2021 WL 7287304, at *3–4 (E.D.N.Y. Mar. 16, 2021) (Brodie, J.) (referencing *Velazquez*, 803 F. App'x at 517 (internal quotation marks omitted); *see also Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)). "If the plaintiff establishes a *prima facie* case of FLSA retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the employment action." *Velazquez*, 803 F. App'x at 517 (citing *Mullins*, 626 F.3d at 53). "If the

10

defendant does so, the plaintiff must then produce sufficient evidence to permit a reasonable juror to find that the defendant's proffered explanation was pretextual, and that more likely than not, retaliation was the real reason for the employment action." *Mullins*, 626 F.3d at 53–54.  NYLL adopts the same burden-shifting standard for retaliation claims as the FLSA. *Rodriguez v. Nat'l Golf Links of Am.*, 19-CV-7052 (PKC) (RML), 2020 WL 3051559, at *2 (E.D.N.Y. June 8, 2020) (Chen, J.) (citing *Santi v. Hot in Here, Inc.*, 18-CV-3028 (ER), 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019) (Ramos, J.) (noting the FLSA and NYLL share the same burden-shifting standard)); *Soto*, 2021 WL 7287304, at *3–4 (making this same finding).

The pleading requirements for retaliation claims under both the FLSA and NYLL "significantly overlap." *Han*, 2022 WL 4134223, at *6 (quoting *Salazar*, 796 F. Supp. 2d at 384); *see also Brito v. Marina's Bakery Corp.*, 19-CV-828 (KAM) (MMH), 2022 WL 875099, at *12 (E.D.N.Y. Mar. 24, 2022) (Matsumoto, J.).  As such, both claims are analyzed using the same standards at the pleading stage.  *Han*, 2022 WL 4134223, at *6.

At the pleading stage, "the Court does not specifically apply the *McDonnell Douglas* burden-shifting test to determine whether [the] [p]laintiff has stated a retaliation claim." *Brundidge v. Xerox Corp.*, 12-CV-6157 (FPG), 2014 WL 1323020, at *3 (W.D.N.Y. Mar. 31, 2014) (Geraci, J.).  Rather, courts generally assess "[the] [p]lausibility of [the] [p]laintiff's claim based on the facts alleged in the Complaint." *Han,* 2022 WL 4134223, at *7; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) ("[B]ecause a temporary presumption of discriminatory motivation is created under the first prong of the *McDonnell Douglas* analysis, a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." (internal quotation marks omitted)).

Here, Plaintiff alleges Defendants, then acting as her employer, retaliated against her for filing the instant Complaint alleging various claims under the FLSA and NYLL.  The defense does not deny it was aware Plaintiff filed the instant complaint, nor does it address whether filing a complaint alleging an FLSA violation is protected under the Act (which, as previously discussed, it is).  *Greathouse*, 784

F.3d at 115. Instead, the defense argues Plaintiff's retaliation claims "must fail, because she does not . . . make the basic assertion that she complained about any failure by Defendants to pay her *FLSA*'s *minimum wage*." Def.'s Memo at 19 (emphasis added). In making this statement, Defendant overlooks the fact the FLSA's retaliation provision does not require Plaintiff to allege a minimum wage violation. As noted above, for the purposes of bringing a Section 215 retaliation claim, it is sufficient for Plaintiff to allege her employer, Defendants, failed to promptly pay her wages in violation of the FLSA; Plaintiff subsequently instituted this action; and, as a result, Defendants initiated adverse employment actions directed towards Plaintiff. *Calderon v. Mullarkey Realty, LLC*, 14-CV-2616, 2018 WL 2871834, at *15 (E.D.N.Y. June 10, 2018) (quoting *Mullins*, 626 F.3d at 53–54).

After Plaintiff informed Defendants she was pursuing the instant FLSA claims in federal court, Plaintiff alleges Defendants retaliated "by terminating her employment and withholding her outstanding wages owed." Compl. ¶ 48. Plaintiff also alleges Defendants retaliated by "threaten[ing] her family's future within the Jewish community" as well as by "proceeding with an "action" in Rabbinical Court [against Plaintiff]" which she claims will have the likely effect of permanently tarnishing her reputation within the Jewish community. *Id.* at 48. And, Plaintiff alleges she suffered economic harm as a result of Defendants' retaliatory measures.

Accepting all of the non-movant's factual allegations as true and drawing all reasonable inferences in the non-movant's favor, as the Court is required to do at this stage, *Twombly*, 550 U.S. at 555, this Court finds Plaintiff has alleged sufficient facts to assert a plausible retaliation claim against Defendants under the FLSA and NYLL. Nothing more is required of Plaintiff to survive the pleading stage. The Court need not determine whether Plaintiff—a non-exempt, salaried employee—had to report to her place of employment in order to be considered "engaged in commerce" and thus within the statute's ambit, as Defendants argue. *See* Compl. ¶ 12 (setting forth the terms of Plaintiff's annual fixed pay schedule); Def. Reply, ECF No. 22 at 7 (Defendant notes all parties agree Plaintiff is a non-exempt employee and thus within the Act's coverage ("Plaintiff claims she is [a non-exempt worker],

and Defendants agree.")). Instead, and as stated, Plaintiff is merely required to allege sufficient factual allegations supporting the plausible nature of her FLSA claims against Defendants, which she has.

## CONCLUSION

In light of the analysis above, the Court finds Plaintiff has adequately pled claims under Sections 206(a) and 215(a)(3) of the FLSA; the pleading requirements for retaliation claims under the FLSA and NYLL are substantially similar; Plaintiff has met the pleading requirements here; and, accordingly, the Court has retained supplemental jurisdiction to review Plaintiff's New York law claims pursuant to 28 U.S.C. § 1367. The Court therefore DENIES Defendants' motion to dismiss. The Clerk of Court is respectfully directed to close the motion pending at ECF No. 23.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2023
Brooklyn, New York