UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

        Plaintiff,

    -against-

BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,

        Defendants.

CIVIL ACTION NO.

1:20-cv-04520-WFK-RER

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually, file this Answer to Plaintiff's Amended Complaint:

### DEFENDANTS' ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Amended Complaint as follows:

### NATURE OF CASE

1. The allegations of paragraph "1" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

2. The allegations of paragraph "2" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

3. The allegations of paragraph "3" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### JURISDICTION AND VENUE

4. The allegations of paragraph "4" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

5. The allegations of paragraph "5" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

## PARTIES

6. Defendants deny the allegations of Paragraph "5" of the Amended Complaint.

7. Defendants deny the allegations of Paragraph "6" of the Amended Complaint.

8. Defendants admit the allegations of Paragraph "7" of the Amended Complaint.

9. The allegations of paragraph "8" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

## ALLEGED BACKGROUND FACTS

10. Defendants deny the allegations of Paragraph "10" of the Amended Complaint.

11. Defendants deny the allegations of Paragraph "11" of the Amended Complaint.

12. Defendants deny the allegations of Paragraph "12" of the Amended Complaint.

13. Defendants admit the allegations of Paragraph "13" of the Amended Complaint.

14. Defendants deny the allegations of paragraph "14" of the Amended Complaint.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16. Defendants deny the allegations of Paragraph "16" of the Amended Complaint.

17. Defendants deny the allegations of paragraph "17" of the Amended Complaint.

18. Defendants deny the allegations of paragraph "18" of the Amended Complaint.

19. Defendants deny the allegations of paragraph "19" of the Amended Complaint.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "20" of the Amended Complaint.

21. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "21" of the Amended Complaint.

22. Defendants deny the allegations of paragraph "22" of the Amended Complaint.

23. Defendants deny the allegations of paragraph "23" of the Amended Complaint.

24. Defendants deny the allegations of paragraph "24" of the Amended Complaint.

25. Defendants deny the allegations of paragraph "25" of the Amended Complaint.

26. Defendants deny the allegations of paragraph "26" of the Amended Complaint.

27. Defendants deny the allegations of paragraph "27" of the Amended Complaint.

28. Defendants deny the allegations of paragraph "28" of the Amended Complaint.

29. Defendants deny the allegations of paragraph "29" of the Amended Complaint.

30. Defendants deny the allegations of paragraph "30" of the Amended Complaint.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "31" of the Amended Complaint.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "32" of the Amended Complaint.

33. Defendants admit the allegations of paragraph "33" of the Amended Complaint.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35. Defendants deny the allegations of paragraph "35" of the Amended Complaint.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "36" of the Amended Complaint.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "37" of the Amended Complaint.

38. Defendants deny the allegations of paragraph "38" of the Amended Complaint.

**RESPONSE TO FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Issue Prompt Payment Under the FLSA*

39. In response to Paragraph "39" of the Amended Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

40. The allegations of paragraph "40" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

41. The allegations of paragraph "41" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

42. Defendants deny the allegations of paragraph "42" of the Amended Complaint.

43. The allegations of paragraph "43" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

44. The allegations of paragraph "44" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

## RESPONSE TO SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA*

45. In response to Paragraph "45" of the Amended Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

46. The allegations of paragraph "46" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

47. The allegations of paragraph "47" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

48. The allegations of paragraph "48" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

49. The allegations of paragraph "49" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

50. The allegations of paragraph "50" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

## RESPONSE TO THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

51. In response to Paragraph "51" of the Amended Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

52. The allegations of paragraph "52" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

53. The allegations of paragraph "53" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

54. The allegations of paragraph "54" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

55. The allegations of paragraph "55" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

56. The allegations of paragraph "56" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

57. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph "57" of the Amended Complaint.

## RESPONSE TO FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages Under the NYLL*

58. In response to Paragraph "58" of the Amended Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

59. The allegations of paragraph "59" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are

denied.

60. The allegations of paragraph "60" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

61. The allegations of paragraph "61" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

62. The allegations of paragraph "62" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

63. The allegations of paragraph "63" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

64. The allegations of paragraph "64" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

**RESPONSE TO FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

65. In response to Paragraph "65" of the Amended Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

66. The allegations of paragraph "66" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are

denied.

67. The allegations of paragraph "67" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

68. The allegations of paragraph "68" of the Amended Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

### DEMAND FOR A JURY TRIAL

69. Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that their answer be deemed good and sufficient and all claims by Plaintiff against Defendants be dismissed, with prejudice, and such other and further relief, legal and equitable, including attorney's fees, be awarded Defendants.

### AFFIRMATIVE DEFENSES

### AS AND FOR AN AFFIRMATIVE DEFENSE

1. The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR AN AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN AFFIRMATIVE DEFENSE

3. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

## AS AND FOR AN AFFIRMATIVE DEFENSE

4. At all times material hereto, the actions of the Defendants were justified under the circumstances and Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

## AS AND FOR AN AFFIRMATIVE DEFENSE

5. Plaintiff did not terminate the Plaintiff, but the Plaintiff terminated herself from employment by filing for unemployment with the Department of Labor while still being paid by the Defendant BAIS YAAKOV DRAV MEIR.

## AS AND FOR AN AFFIRMATIVE DEFENSE

6. With respect to some or all of the claims brought or allegedly brought by the Plaintiff Defendants affirmatively plead that any act(s) and/or omission(s) that may be found to be in violation of the rights afforded by applicable law were not willful but occurred in good faith and with reasonable grounds for believing that it was in complete compliance with all applicable laws.

## AS AND FOR AN AFFIRMATIVE DEFENSE

7. Plaintiff MICHAEL LEVI is not a proper party in this action.

## AS AND FOR AN AFFIRMATIVE DEFENSE

8. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA and/or NYLL.

## AS AND FOR AN AFFIRMATIVE DEFENSE

9. This action is barred to the extent Plaintiff seeks recovery for time that is not

compensable time, i.e. "hours worked" under the FLSA.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

10. Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work. Plaintiff was not engaged in work from the time the school closed on May 18, 2020.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

11. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the New York and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of New York.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

12. Plaintiff may not recover liquidated damages, because: (1) Defendants and all of their officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendants and their officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff; and (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

13. To the extent Plaintiff seeks damages not recoverable under the FLSA or NYLL, Plaintiff is barred from such recovery.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

14. The Court should not exercise supplemental jurisdiction over the counts in the Amended Complaint that purport to arise under the New York Labor Law.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

15. Without assuming the burden of proof, Plaintiff was compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff herself reported her time worked) at a rate not less than that set forth by the overtime provisions of the FLSA and/or NYLL.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

16. Without assuming the burden of proof, Defendants complied with all record keeping requirements of the FLSA and/or NYLL.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

17. Plaintiff has failed to mitigate her alleged damages.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

19. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

20. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

**AS AND FOR AN AFFIRMATIVE DEFENSE**

21. Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

**AS AND FOR AN AFFIRMATIVE DEFENSE**

22. Plaintiffs' claims are barred in whole or in part to the extent that the work it performed falls within exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

### AS AND FOR AN AFFIRMATIVE DEFENSE

23. Defendants assert all affirmative defenses provided by Section 195 of the New York Law and all statutory affirmative defenses to New York State record keeping requirements.

### AS AND FOR AN AFFIRMATIVE DEFENSE

24. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### DEFENDANTS' PRAYER FOR RELIEF

Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in the Amended Complaint and denies Plaintiffs are entitled to any relief whatsoever.

**WHEREFORE**, having fully answered and responded to the allegations of the Amended Complaint, Defendants respectfully request that:

1. Plaintiff's individual claims be dismissed with prejudice in their entirety;

2. Each and every request for relief in the Amended Complaint be denied;

3. Judgment be entered against Plaintiff and for Defendants;

4. Defendants be awarded its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

5. Defendants be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York
　　　　March 27, 2023

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

MARK SCHWARTZ, ESQ.
LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:** JEFFREY R. MAGUIRE, ESQ.
STEVENSON MARINO LLP
*Attorneys for Plaintiff*
LISA ROSENBAUM
75 Maiden Lane, Suite 402
New York, New York 10038
Tel.: (212) 939-7229
Fax: (212) 531-6129
email: jmaguire@stevensonmarino.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of this __**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES**__  was duly served  __**via ECF**__  upon:

**STEVENSON MARINO LLP, 75 Maiden Lane, Suite 402, New York, New York 10038**

Served this __30th__ day of __March__, __2023__.

_____
MARK SCHWARTZ, ESQ.

**CIVIL ACTION NO.:** 1:20-cv-04520-WFK-RER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LISA ROSENBAUM,

        Plaintiff,

        -against-

BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,

        Defendants.

# DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES

### LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:** JEFFREY R. MAGUIRE, ESQ.
STEVENSON MARINO LLP
*Attorneys for Plaintiff*
LISA ROSENBAUM
75 Maiden Lane, Suite 402
New York, New York 10038
Tel.: (212) 939-7229
Fax: (212) 531-6129
email: jmaguire@stevensonmarino.com