# LAW OFFICE OF MARK SCHWARTZ

225 BROADWAY, SUITE 1901
NEW YORK, NEW YORK 10007
TEL. (212) 619-6275
FAX. (718) 673-9010
MARKSCHWARTZESQ@VERIZON.NET

August 24, 2023

<u>Via ECF</u>
Attn.: The Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    Case Name: Lisa Rosenbaum v. Bais Yaakov Drav
                Case Number: Meir, et al
                                20-CV-4520

Dear Judge Reyes,

       This office represents Defendants Bais Yaakov Drav Meir and Michael Levi in this matter and we write in response to Plaintiff's letter dated August 18, 2023 seeking an order to compel the production of documents from Defendants, and more specifically sensitive payroll records of Defendant's employees.

       Defendants respectfully request that Plaintiff's motion to compel be rejected as they have failed to provide any legitimate reason for Defendants to produce such information.

       Plaintiff's claims are that: a) she was not paid money owed to her; and b) that she was terminated when she complained about not being paid money owed to her. Plaintiff simply has made no other assertion of how *other* employees payroll records (comparators) bolsters either of these claims. To the extent Plaintiff is arguing that the data may show whether other employees were terminated, her position is perplexing; Defendants asserted in their response to Plaintiff's interrogatories (by email dated August 8, 2023) that none of their employees, other than the Plaintiff, were fired or furloughed as a result of the school closure, and Plaintiff does not appear to dispute that. Even if it were in dispute (it is not) Plaintiff cannot credibly argue that the best way to obtain such information is through payroll records as opposed to less intrusive discovery means such as the interrogatory which Defendant responded to.

       Generally, "an employer has an 'interest in maintaining the confidentiality of employee personnel files.'" Sperling v. Harman Int'l Indus., Inc., No. CV 10-2415, 2011 U.S. Dist. LEXIS 103455, 2011 WL 4344165, at *2 (E.D.N.Y. Sept. 14, 2011) (quoting Duck v. Port Jefferson

Page 2
August 24, 2023

---

Sch. Dist., No. 07 CV 2224, 2008 U.S. Dist. LEXIS 39695, 2008 WL 2079916, at *4 (E.D.N.Y. 2008)); Barella v. Vill. of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise,* No. 92 Civ. 8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.,* No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007).

    As mentioned above, Defendants have responded to an interrogatory stating that no other employees were fired, and therefore sensitive information regarding other employees do not bolster Plaintiff's claims.

    For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request for the sensitive information sought in their motion.

Respectfully Submitted,

*/s/ Mark Schwartz*
MARK SCHWARTZ, ESQ.
LAW OFFICES OF MARK SCHWARTZ
*Attorney for Defendants*
BAIS YAAKOV DRAV MEIR and
MICHAEL LEVI, Individually,
225 Broadway, Suite 1901
New York, New York 10007
Tel.: (212) 619-6275
Fax: (718) 673-9010
email: markschwartzesq@verizon.net

**TO:** JEFFREY R. MAGUIRE, ESQ.
STEVENSON MARINO LLP
*Attorneys for Plaintiff*
LISA ROSENBAUM
75 Maiden Lane, Suite 402
New York, New York 10038
Tel.: (212) 939-7229
Fax: (212) 531-6129
email: jmaguire@stevensonmarino.com