

**Jeffrey R. Maguire**, Esq., Partner   o: (212) 939-7229   f: (212) 531-6129
a: 445 Hamilton Avenue, Suite 1500, White Plains, NY 10601
e: jmaguire@stevensonmarino.com

February 14, 2024

<u>Via ECF</u>
The Honorable William F. Kuntz, II
United States District Judge for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Rosenbaum v. Bais Yaakov Drav Meir, et al.*
             <u>Docket No: 20-cv-4520 (WFK)(JAM)</u>

Dear Judge Kuntz:

      We represent Plaintiff Lisa Rosenbaum in the above-referenced matter alleging failure to promptly pay wages and retaliation claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against her former employers, Bais Yaakov Drav Meir, and Michael Levi (collectively as "Defendants"). We write now, pursuant to the Your Honor's Individual Rules, to respectfully request a pre-motion conference in anticipation of Plaintiff's motion for partial summary judgment, seeking an order finding as follows: (1) Defendants violated the prompt payment requirement under the FLSA by failing to timely pay Plaintiff her wages; (2) Defendants violated NYLL § 191 by failing to pay Plaintiff her wages according to the terms and conditions of her employment; (3) Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with an accurate wage statement on each payday; (4) Defendant Levi is subject to individual liability as an "employer" under the FLSA and the NYLL; and (5) Defendants failed to maintain accurate records under the FLSA and NYLL warranting application of the burden-shifting framework pursuant to *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680 (1946).

**I.    <u>There Exists No Triable Issue of Fact that Defendants Failed to Promptly Pay Plaintiff her Wages on Multiple Occasions in Violation of the FLSA and NYLL</u>**

      As this Court previously held in this action, "[t]o make out a claim under the FLSA, a plaintiff must show: (1) the defendant is an "enterprise engaged in commerce or in the production of goods for commerce;" (2) the plaintiff is an "employee" within the meaning of the FLSA; and (3) the employment relationship does not fall within an exception to the FLSA." *Rosenbaum v. Meir*, 658 F. Supp. 3d 140, 146 (E.D.N.Y. 2023) (Kuntz, *J*.) (citation omitted). While the FLSA "does not specify when [wages] must be paid . . . [c]ourts have long interpreted the FLSA to include a prompt payment requirement," and therefore "late wages are considered a form of unpaid wages." *Id*. (citations omitted). It is also well-established that the "requirement is not violated when an employer changes its pay schedule so long as this change: (a) is made for a legitimate business purpose; (b) does not result in an unreasonably long delay in payment; (c) is intended to be permanent; and (d) does not result in violation of the substantive minimum wage or overtime provisions of the FLSA." *Id*. (citing *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1988)).

"The same elements are required to prove plaintiff's claim under [the] New York [L]abor [L]aw as under federal law." *Martinez*, 2017 WL 5033650, at *9 (citation omitted). Importantly, "[u]nlike the FLSA, the NYLL does not require that a defendant have a certain volume of business to meet its definition of 'employer' to be subject to the law's requirements." *Id*. (citing NYLL § 651(6)). Under NYLL § 191 with respect to clerical workers, where "a non-exempt employee has an agreement with his or her employer to be paid at a rate greater than the minimum wage . . . failure to pay the promised rate is a violation of NYLL § 191, entitling the employee to damages under NYLL § 198." *Cavalotti v. Daddyo's BBQ, Inc.*, 2018 WL 5456654, at *13 (E.D.N.Y. Sept. 8, 2018) (collecting cases); *see Sanchez v. 156-40 Grill LLC*, 2023 WL 8238890, at *3 (E.D.N.Y. Nov. 28, 2023) (finding that plaintiffs were entitled to damages "for each of these instances of nonpayment and underpayment of the agreed-upon wages" and detailing calculation of damages).

Here, there is no issue of material fact that Defendants failed to timely pay Plaintiff on multiple pay periods, for reasons that were not for a legitimate business purpose, not intended to be permanent, and unreasonably delayed. It is not disputed that during the course of her employment, Defendants paid Plaintiff's wages by three separate checks, one intended to cover "office salary," one intended to cover rent, and the third intended to cover groceries. There is no dispute of material fact that from April 1, 2020, through May 8, 2020, Defendants failed to timely pay her weekly office salary checks and grocery checks, or her rent checks due on the first day of the month, with the exception of two salary checks paid on April 6, 2020.[1] Then after Plaintiff received all late checks in one envelope on May 8, 2020, Defendants proceeded to fail to timely pay her following checks, prompting Plaintiff to complain on May 22, 2020, and June 8, 2020, resulting in her termination on that day. Discovery established that Defendants have no records as to when they paid Plaintiff and had no recollection as to the actual dates.

## II. There Exists No Triable Issue of Fact that Defendants Failed to Furnish Plaintiff with Accurate Wage Statements under the NYLL

Under the NYLL, an employer also must "furnish each employee with a statement with every payment of wages" that sets forth, among other information, "the dates of work covered by that payment of wages; ... rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." NYLL § 195(3). Any employee not provided such a wage statement is entitled to "recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." *Jeong Woo Kim v. 511 E. 5TH St., LLC*, 133 F. Supp. 3d 654, 663 (S.D.N.Y. 2015) (citing NYLL § 198(1–d)).

There is no dispute of material fact that Defendants provided Plaintiff with wage statements only for a portion of Plaintiff's wages. Moreover, the wage statements that Defendants did furnish did not contain all of the information required under NYLL § 195(3).

## III. There Exists No Triable Issue of Fact that Defendant Levi is Subject to Individual Liability as Plaintiff's Employer under the FLSA and NYLL

An "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The NYLL's definition of an employer

---

[1] The parties dispute the reason for Defendants advancing one week pay, but there is no dispute that all other payments from April 1, 2020, to May 8, 2020, were untimely.

2

mirrors that of the FLSA's. NYLL §§ 190(3), 651(6); *Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 n.25 (S.D.N.Y. 2005). This "economic reality" test applies liability to individuals who: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105-106, 109-110, 114-115 (2d Cir. 2013).

Here, there is no dispute that Defendant Michael Levi possessed direct control over Plaintiff to satisfy the economic realities test as he had the power to hire/fire, supervise, and pay employees, including Plaintiff. Indeed, the record establishes that Defendant Levi hired Plaintiff, supervised her, and paid Plaintiff her salary. Summary judgment is thus warranted on this issue.

## IV. Defendants' Failure to Maintain Accurate Records Warrants Application of the Burden-Shifting Framework under the FLSA and NYLL

Under the FLSA, "it is the employee's burden to prove that he [or she] performed work for which he [or she] was not properly compensated." *Jones v. Pawar Bros. Corp.*, 434 F. Supp. 3d 14, 29 (E.D.N.Y. 2020) (citation omitted). As a result, the Supreme Court has held that "if an employer keeps inaccurate or inadequate records, the plaintiff need only offer a reasonable estimate of his damages. Once the employee has offered his estimate, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson*, 328 U.S. at 687-88. Pursuant to 29 C.F.R. 516, according to the FLSA's record-keeping requirements, an employer must maintain, *inter-alia*, the "date of payment and the pay period covered by the payment." 29 C.F.R. § 516.2(a)(12).

The same is true under New York law. *See Awan v. Durrani*, 2015 WL 4000139, at *10 (E.D.N.Y. July 1, 2015) (citing NYLL § 195). Where the court finds as a matter of law that defendants' records are inaccurate or inadequate, the court may find at the summary judgment stage that "the *Anderson v. Mt. Clemens Pottery* just and reasonable inference standard will apply at trial." *McGlone*, 48 F. Supp. 3d at 372. Under that circumstance, a plaintiff's normal FLSA burden is shifted: "the burden of proving that *plaintiff* was paid properly *falls on the defendant.*" *Awan*, 2015 WL 4000139, at *10 (citation omitted) (emphasis added).

In the present case, Defendants concede that they failed to maintain records that show the date of *any* of the payments made to Plaintiff. Rather, the only records Defendants kept with respect to pay dates were the dates printed on the checks, kept in Defendants' Employee QuickReport. Defendants' testimony also demonstrated that they had no recollection of the dates that Plaintiff was paid, save for the two checks dated April 6, 2020.

We thank the Court for its attention to this matter.

Respectfully submitted,

_____
Jeffrey R. Maguire
Stevenson Marino LLP

C: Defendants' counsel (via ECF)