# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

February 14, 2024

*Via ECF*
The Honorable Willam F. Kuntz II

  Re: *Rosenbaum v. Bais Yaakov Drav Meir et al.*
    <u>Docket No: 20-cv-4520 (WFK)(JAM)</u>

Dear Judge Kuntz:

  We are, together with Mark Schwartz, Esq., counsel for Defendants in the above-referenced action. In accordance with Your Honor's Individual Practices, I submit this letter to request a premotion conference concerning Defendants' anticipated motion for summary judgment. Plaintiff's prompt payment claim fails because she was always timely paid for hours actually worked, and her retaliation claims should be dismissed because did not engage in protected activity—the money she claimed to have been owed was not *wages*, and she was terminated for lying on her unemployment insurance application and receiving benefits while receiving money form Defendants.

  **I.**  **Background**

  Plaintiff worked for Defendant Bais Yaakov Drav Meir ("Bais Yaakov") as a school secretary. With the exception of one day – April 26, 2020 – Plaintiff did not perform any work for the school after in person classes shut down on March 18, 2020 due to Covid-19. Plaintiff admits that she was timely paid for the hours she worked on April 26, 2020. Bais Yaakov continued to pay Plaintiff during the Covid-19 shutdown when she was not working, but not on the same schedule as it paid her previously. Although Defendants were paying Plaintiff, in April 2020 she applied for and received unemployment insurance benefits based on false attestations that she did not receive at least $504 in wages in the weeks for which she claimed unemployment.

  Plaintiff contends that between April and June 2020 she made internal complaints that she believed payments for certain weeks when she did not perform any work were late. On June 8, 2020, Bais Yaakov's principal told Plaintiff her employment was terminated. Bais Yaakov terminated Plaintiff's employment because of her dishonesty in applying for unemployment insurance benefits while Bais Yaakov was continuing to pay her.

  Plaintiff commenced this action on September 24, 2020, asserting claims for retaliation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to pay timely wages under the NYLL, and failure to provide the wage notices required under NYLL § 195(3). Defendants subsequently asked a rabbinical court (the "Beit Din") to issue a summons to Plaintiff so that the dispute raised in Plaintiff's complaint could be resolved by the Beit Din. Plaintiff did not respond to the summons, and the matter was dropped. Nonetheless, on November 17, 2020, Plaintiff filed an amended complaint adding a claim for late paid wages under the FLSA and retaliation claims under the FLSA and NYLL based on the Beit Din proceeding.

## II. The Court Should Dismiss The FLSA Prompt Payment Claim

"The FLSA statute requires payment of minimum wages and overtime wages only[.]" *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). Accordingly, FLSA prompt payment claims are limited to claims for "a failure to promptly pay *minimum* [*or overtime*] *wages* – not agreed-upon wages." *Barone v. Inspire Summits LLC*, No. 20 CV 5978, 2022 U.S. Dist. LEXIS 139696, at *3 (E.D.N.Y. Aug. 4, 2022) (emphasis in original). Where a plaintiff "bring[s] what is akin to a non-payment or breach of contract claim" that does not involve the late payment of minimum or overtime wages, there is no FLSA claim. *Id*. at *4. Moreover, the FLSA requires the payment of minimum wage and, if applicable, overtime compensation, only for hours actually worked.[1] *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) ("An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated.").

In this case, Plaintiff was always promptly paid at least the federal minimum wage of $7.25 per hour for all hours actually worked.[2] All of Plaintiff's complaints about alleged late payments of money due concern weeks when it is undisputed that she did not perform any work for Defendants due to Covid-19 closures. There is no dispute that for April 26, 2020, when Plaintiff contends she worked 7 hours, she was timely paid more than the federal minimum wage for those hours. Accordingly, Plaintiff's FLSA prompt payment claim fails as a matter of law.

## III. The Court Should Dismiss Plaintiff's FLSA And NYLL Retaliation Claims

Plaintiff alleges that she was retaliated against in violation of the FLSA and NYLL for (1) making internal complaints about not being paid during the Covid-19 shutdown and (2) filing this action. Both of these claims fail, because Plaintiff cannot establish that her complaints constituted protected activity or that they were the cause of her termination. The elements of retaliation claims under these statutes are "(1) participation in protected activity known to the defendant, like the filing of a FLSA [or NYLL] lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010).

Plaintiff's retaliation claims based on her internal complaints fail because those complaints were not protected activity. "To fall within the scope of the antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Plaintiff's internal complaints were not protected activity under the FLSA or NYLL because she was not complaining about unpaid *wages.* Instead, she complained that she did not receive payment for weeks when she did not perform any work. As the FLSA and NYLL do not require employers to pay non-exempt employees for periods when they do not work, *see supra*, Plaintiff's internal complaints were not protected activity as a matter of law. To be clear, Defendants do not dispute that the FLSA

---

[1] Similarly, under the NYLL "wages" are "the earnings of an employee for labor or services rendered," *i.e.*, for work actually performed. N.Y. Lab. L. § 190(1).

[2] Plaintiff does not contend that she ever worked overtime.

and NYLL require that wages be paid promptly. Rather they contend that the payments that Plaintiff sought were simply not wages. *See Hallett v. Stuart Dean Co.*, 481 F. Supp. 3d 294, 311-312 (S.D.N.Y. 2020) (finding plaintiff did not engage in protected activity where he complained about unpaid incentive payments that were not "wages" under the NYLL).

Nor can Plaintiff show that she was fired because of her unprotected internal complaints. Bais Yaakov has a legitimate, non-retaliatory reason for terminating Plaintiff's employment – she lied to collect unemployment insurance benefits while Bais Yaakov was paying her. Having set forth a non-retaliatory reason for the termination, Plaintiff can defeat summary judgment only by showing "evidence that the employer's non-retaliatory reason is a mere pretext for retaliation." *Fox v. Starbucks Corp.*, No. 21-2531, 2023 U.S. App. LEXIS 2012, at *4 (2d Cir. Jan. 26, 2023) (cleaned up). Plaintiff has no evidence to satisfy her burden.

Plaintiff also alleges that Defendants retaliated against her for filing this action by asking the Beit Din to issue a summons to Plaintiff so that the dispute could be resolved by the Beit Din rather than in Court. This claim fails because commencing a proceeding with the Beit Din is not an adverse action. An adverse action is something that "could well dissuade a reasonable worker from engaging in protected activity." *Wilson v. New York*, No. 21-1971-CV, 2022 U.S. App. LEXIS 34200, at *3 (2d Cir. 2022) (internal quotation marks omitted). Commencing a proceeding with the Beit Din was merely an attempt to change the forum for the parties' dispute. Notably, Plaintiff was not compelled to participate before the Beit Din, and the matter was dropped when she did not participate. Accordingly, seeking to proceed before the Beit Din rather than this Court does not rise to the level of an adverse action.

## IV. The Court Should Decline To Exercise Jurisdiction Over The Remaining State Law Claims Or, In The Alternative, Dismiss Them On The Merits

If the Court dismisses the FLSA claims and NYLL retaliation claims, it should decline to exercise jurisdiction over Plaintiff's remaining state law claims. *E.g.*, *Altamura v. Reliance Commc'ns, LLC*, No. 16 CV 1964, 2023 U.S. Dist. LEXIS 160489, at *9-11 (E.D.N.Y. Sept. 11, 2023). Alternatively, the Court should dismiss Plaintiff's state law claims on the merits.

Plaintiff does not have standing to pursue her NYLL § 195(3) claim. The elements of Article III standing are "(1) an injury in fact, (2) a causal connection between that injury and the conduct at issue, and (3) a likelihood that the injury will be redressed by a favorable decision." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (internal quotation marks omitted). An injury in fact exists where there is "the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id*. at *9 (insertion in original; internal quotation marks omitted). Plaintiff alleges that Defendants violated NYLL § 195(3) by failing to provide wage statements that included all of the information listed in the statute. In order to have standing for this claim, Plaintiff must "demonstrate a tangible injury as a result of the defendant's violation[.]" *Echevarria v. ABC Corp.*, No. 21 CV 4959, 2023 U.S. Dist. LEXIS 1690627, at *17 (E.D.N.Y. Sept. 11, 2023). Plaintiff has not articulated any way in which the alleged NYLL § 195(3) violations harmed her. On the contrary, at all times Plaintiff precisely knew the basis of her pay.

For the forgoing reasons, Plaintiff's lawsuit should be entirely dismissed.

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP


*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum